IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA

RECEIVED

2006 APR -3  A 9: 37

Michael R. Bush
Full name and prison number
of plaintiff(s)

v.

Paul Whaley,

Richard Allen,

Troy King,

L. N. Hagen, or his successor.

Name of person(s) who violated
your constitutional rights.
(List the names of all the
persons.)

CIVIL ACTION NO. 2:06CV292-T
(To be supplied by Clerk of
U.S. District Court)

I.  PREVIOUS LAWSUITS
    A.  Have you begun other lawsuits in state or federal court
        dealing with the same or similar facts involved in this
        action? YES (xxx)  NO (   )

    B.  Have you begun other lawsuits in state or federal court
        relating to your imprisonment? YES (   )  NO (xxx)

    C.  If your answer to A or B is yes, describe each lawsuit
        in the space below. (If there is more than one lawsuit,
        describe the additional lawsuits on another piece of
        paper, using the same outline.)

        1.  Parties to this previous lawsuit:

            Plaintiff(s) Michael R. Bush

            Defendant(s) Paul Whaley, Donal Campbell,
            Bill Pryor, Dirctor of Dpt. Public Safety

        2.  Court (if federal court, name the district; if
            state court, name the county) Circuit Court
            of Montgomery County, Alabama

3.  Docket number <u>CV-04-018/Montgomery County</u>

4.  Name of judge to whom case was assigned _____

    <u>Honorable Judge Charles Price</u>

5.  Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) _____

    <u>Still pending</u>

6.  Approximate date of filing lawsuit <u>December of 2003</u>

7.  Approximate date of disposition <u>None</u>

I.  PLACE OF PRESENT CONFINEMENT <u>Limestone C.F.</u>

    <u>28779 Nick Davis Road, Harvest, ALabama 35749-7009</u>

    PLACE OF INSTITUTION WHERE INCIDENT OCCURRED _____

    <u>Kilby C.F., Mount Meigs, ALabama</u>

III. NAME AND ADDRESS OF INDIVIDUAL(S) YOU ALLEGE VIOLATED YOUR CONSTITUTIONAL RIGHTS.

    NAME                              ADDRESS

1.  <u>Paul Whaley</u>

2.  <u>Richard Allen</u>

3.  <u>Troy King</u>

4.  <u>L. N. Hagen, or his successor.</u>

5.  <u>xxxxxxxxx</u>

6.  <u>xxxxxxxxxx</u>

IV. THE DATE UPON WHICH SAID VIOLATION OCCURRED <u>Middle to latter part of 2003.</u>

V.  STATE BRIEFLY THE GROUNDS ON WHICH YOU BASE YOUR ALLEGATION THAT YOUR CONSTITUTIONAL RIGHTS ARE BEING VIOLATED:

    GROUND ONE: <u>Denial of substantive & procedural due process</u>

2

STATE BRIEFLY THE FACTS WHICH SUPPORT THIS GROUND. (State as best you can the time, place and manner and person involved.)

I am being required to register as a convicted sex when I have never been convicted of a sex offense. I have had no type of notice or hearing concerning this matter. (See attached complaint).

GROUND TWO: Equal Protect of the law.

I am being considered convicted when my plea was a nolo

SUPPORTING FACTS: contendere in 1992. Alabama does not recognize this plea as an admission of guilt. The Defendants are only considering me guilty because of the past allegation. (See attached complaint).

GROUND THREE: Ex Post facto Clause. and Bill of Attainder Clause

SUPPORTING FACTS: Applying the notification act to me after the passing of more than a decade represents punishment because I was never before required to register nor were there any restriction on where I could live, work, travel and who I could associate with. (See attached Complaint).

3

VI.   STATE BRIEFLY EXACTLY WHAT YOU WANT THE COURT TO DO FOR YOU.
      MAKE NO LEGAL ARGUMENT.   CITE NO CASES OR STATUTES.

Order that the notification act does not apply to me and/or

issue a preliminary injunction until the matter is resolved.

Order any other relief this Honorable Court deem appropriate.

_____
Signature of plaintiff(s)

I declare under penalty of perjury that the foregoing is true
and correct.

EXECUTED on ___3 / 29 / 06_____ .
                    (Date)

_____
Signature of plaintiff(s)

4

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

MICHAEL R. BUSH,                                             )

   Plaintiff,                                               )

                                                             )

Vs.                                                          )       CIVIL ACTION No.

                                                             )

PAUL WHALEY, Director of Classification                      )       (Supplied by Clerk)
For the Alabama Department of Corrections,
RICHARD ALLEN, Commissioner for the                          )
Alabama Department of Corrections,
TROY KING, Attorney General for the State                    )
of Alabama,
L. N. HAGEN, or his successor, Director of the Alabama )
Department of Public Safety,
                                                             )

   Respondents.

### CIVIL RIGHT COMPLAINT PURSUANT TO 42 U.S.C §1983

This is a civil rights complaint filed by Michael R. Bush, a state prisoner, for declaratory remedies and injunctive relief under 42 U.S.C §1983, alleging denial of (1) procedural due process; (2) substantive due process; (3) the equal-protection clause; (4) the ex-post-facto clause; and (5) the bill-of-attainder clause. For purposes of the preliminary injunction and/or temporary restraining order, however, he raises only those claims that might affect the enforcement of the notification provisions of Alabama's Community Notification Act[1] ("Act") against him. Your Plaintiff presents and shows unto this Honorable Court as follows:

---

[1] §15-20-20.1 through 38, *Ala.Code* 1975.

## JURISDICTION:

**1.** This Honorable Court has jurisdiction over Your Plaintiff's claims of violations of Federal Constitutional rights pursuant to 42 U.S.C. §§1331 and 1343(a)(3).

**2.** This Honorable Court has jurisdiction over Your Plaintiff's state-law claims pursuant to 28 U.S.C. §1367.

## VENUE:

**3.** The District Court for the Middle District of Alabama, Northern Division, is an appropriate venue pursuant to 28 U.S.C. §1391 (b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES:

**a.** *Plaintiff,* Michael R. Plaintiff is an inmate incarcerated in the Alabama Department of Correction ("ADOC"). Your Plaintiff's is located at Limestone Correctional Facility, 28779 Nick Davis Road. Harvest, Alabama 35749-7009

**b.** *Defendant,* Paul Whaley is the Director of Classification for the ADOC and is responsible for the classification of Your Plaintiff as a convicted sex offender and the application of the Community Notification Act. Paul Whaley is being sued in his individual and official capacity. Paul Whaley is located at the Alabama Department of Corrections, 1400 Lloyd Street, Montgomery, Alabama 36104.

**c.** *Defendant,* Richard Allen is the Commissioner of the ADOC. His duties include, but are not limited to, the supervision of the appointees and/or employees of the ADOC.

2

Richard Allen is sued in his official capacity. Richard Allen is located at the Alabama Department of Corrections, 1400 Lloyd Street, Montgomery, Alabama 36104.

**d.** *Defendant,* Troy King is the Attorney General for the State of Alabama. His duties include, but are not limited to, the enforcement of the Act. Troy King is sued in his official capacity. Troy King is located at 11 South Union Street, Montgomery, Alabama 36130-0152.

**e.** *Defendant,* L. N. Hagen, or his successor, is the Director of the Alabama Department of Public Safety. His duties include, but are not limited to, the application and recording of persons subjected to the Act. L. N. Hagen, or his successor, is sued in his official capacity. L. N. Hagen, or his successor, is located at 500 Dexter Avenue, Montgomery, Alabama 36130.

*STATEMENT OF FACTS:*

**1.** In February of 1984, a complaint was signed and warrant issued against Your Plaintiff in Escambia County, Florida (Pensacola). The complaint and warrant accused Your Plaintiff of sexual abuse and lewd and lascivious act.

**2.** The complaint and warrant had all of Your Plaintiff's personal information, including his address in Mobile County, Alabama. No attempt was made to notify or arrest him, Your Plaintiff's location and residency were known at all times.

**3.** For 8 years the warrant remained pending (1984 - 1992). During that time, Your Plaintiff was arrested and/or charged with various traffic offenses and property crimes.

3

He had been in the custody of the Mobile County Jail, Mobile City Jail and in the custody of the ADOC. In addition, he was supervised on probation and parole by the Alabama Board of Pardons and Paroles. During each encounter with law enforcement officials Your Plaintiff provided the same address and personal information listed on the Escambia County warrant. No action was taken to secure an arrest or notify him of the pending action.

4. The warrant was finally served (8 years after the issuance) during a routine traffic stop in Pensacola, Florida (Escambia County) in January of 1992.

5. Your Plaintiff would eventually enter into a plea agreement with the State. Because of the prejudice suffered in failing to initiate a timely prosecution, the trial court allowed Your Plaintiff to enter a plea of *nolo contendere* to attempted sexual battery. Your Plaintiff was informed that his plea was not an admission of guilt, but a settlement agreement. The Court Ordered that he would be allowed to return to Alabama where his wife and children resided.

6. Your Plaintiff was released and reported to Florida probation officials. Thereafter, a transfer of Your Plaintiff's probation to Alabama was initiated. Your Plaintiff returned to Mobile, Alabama with his wife and children.

7. After months of waiting, Your Plaintiff contacted Florida concerning the status of the probation transfer. Florida probation officials informed him that the transfer was denied because Alabama did not recognize the plea, *nolo contendere,* as a conviction.

4

Therefore, Alabama would not be supervising him. Florida chose not to formally supervise Your Plaintiff and he remained in Mobile, Alabama until his present incarceration for possession of cocaine.

8. In the 1992, ending in 2003, he was arrested, charged and convicted on various traffic infractions, property crimes and the current drug offense. He had been in the custody of the Mobile County Metro Jail and in the custody of the ADOC. In addition, the Alabama Board of Pardons and Paroles supervised him on probation and parole. All of the aforementioned agencies were aware of the 1992 plea, but none required Your Plaintiff to register under any sex offender registering mechanism.

9. It was not until mid 2003, when Your Plaintiff violated his probation and sentenced to the ADOC, that he was informed that Defendant, Paul Whaley, ordered the Classification Department at Kilby Correctional Facility to classify Your Plaintiff as a convicted sex offender, including the application of the Act upon his future release.

10. Your Plaintiff filed a writ of certiorari in the Circuit Court of Montgomery County, Alabama in December of 2003, wherein he raised similar issues to those raised herein. The case has remained stagnant with the parties ignoring court ordered discovery and have refused to plead, answer or otherwise defend the action; the parties remain in default. (Montgomery County Circuit Court Case No. CV-04-018).

11. On August 16, 2005, Your Plaintiff sought mandamus relief in the Alabama Court of Civil Appeals. Your Plaintiff alleged that the trial court's failure to rule on the

various motions and pleadings filed, and its failure to enforce its discovery orders, are denying Your Plaintiff substantive and procedural due process. (Court of Civil Appeals Docket No. 2040998).

12. The Court of Civil Appeals, refusing to address the issues raised, transferred the writ to the Alabama Supreme Court on August 30, 2005. (Supreme Court Docket No. 1041811).

13. Thereafter, on September 26, 2005, Alabama Supreme Court transferred the writ to the Alabama Court of Criminal Appeals. (Court of Criminal Appeals Docket No. CR-04-2564).

14. Your Plaintiff objected and the Alabama Supreme Court rescinded its Order and the case was transferred back to the Supreme Court on September 28, 2005.

15. The Alabama Supreme Court then Ordered the Honorable Judge Price, and the ADOC et. al., to file answers to the petition, with supporting briefs, within 14 days. Only the ADOC filed an answer, without supporting brief. Your Plaintiff filed his answer with supporting brief and objected to the ADOC's noncompliance to the Court's Order and the Honorable Judge Price's failure to file his answer and brief. The Supreme Court dismissed the petition without an opinion on January 13, 2006.

16. The Honorable Judge Price set the cause for a summary judgment hearing on November 30, 2005. No ruling has been made since the hearing. All Respondents remain

6

noncompliant with discovery orders and still refuse to plead answer or otherwise defend the cause; the Respondents remain in default without court intervention.

## CAUSES OF ACTION:

### I. DUE PROCESS OF LAW.

Your Plaintiff would argue that under the circumstances of his case, the application of the Act will deprive him of life, liberty, property and reputation in violation of his right to substantive and procedural due process as guaranteed by the Fourteenth Amendment to the United States Constitution.

It is a prerequisite to the application of the Act that a person must have been "convicted" of a "criminal sex offense" to be subject to the registration and community notification provisions of the Act. (See §15-20-21(1), *Ala.Code* 1975).

Your Plaintiff was arrested in 1992 on an 8-year-old warrant, thereafter, he pleaded *nolo contendere.* "Since at least 1954, convictions based on pleas of *nolo contendere* have not been admissible in criminal prosecutions in Alabama for any purpose[.]" *Harrison v. Jones*, 880 F.2d 1279 (11th Cir. 1989). See also, *Wright v. State*, 38 Ala. App. 64, 79 So. 2d 66, 69 (1954), cert. denied, 262 Ala. 420, 79 So.2d 74 (1955).

Your Plaintiff reluctantly entered the plea of *nolo contendere* because of the passage of time (8-years) from the issuance of the warrant and his arrest. From the earliest stages (1984) until the present (2006), Your Plaintiff has been denied his substantial rights under the Fourteenth Amendment to the Constitution of the United States.

The parties having made the decision to apply the Act upon Your Plaintiff are neither lawyers nor judges, additionally no due process hearing was ever conducted to determine if the application of the Act offends or places any of Your Plaintiff's substantial Constitutional rights in jeopardy. Their determination was in "secrecy" without any notice or opportunity to Your Plaintiff. The determination was based solely upon a Presentence Investigation Report that was later proven to be erroneous and inaccurate by the ADOC's own admission when they submitted an official court document from Florida in a similar proceeding in the Circuit Court of Montgomery County, Alabama. In addition, Your Plaintiff's ADOC Annual Progress Reviews have been modified to show that the plea was not a plea of guilty (as stated before), but was a result of a plea *nolo contendere.*

## II.  EQUAL PROTECTION:

Your Plaintiff would argue that under the circumstances of his case the application of Act upon him would be in violation of the *Equal Protection Clause* of the Fourteenth Amendment to the United States Constitution.

The State of Alabama has long held that a plea of *nolo contendere* is not a finding of guilt, but is to be treated the same as a withdrawn guilty plea (see Rule 410, *A.R.E.*). Now, after more than a decade of silence and holding that the *nolo contendere* plea is not a conviction, the Respondents to this action are attempting to deem the plea a *"conviction"* for the purpose of the Act, giving it the effect of actuality. At the same time, Alabama

maintains the position that pleas of *nolo contendere* are not *"convictions."* This type of inconsistency in the application of state rulings is in violation of Your Plaintiff's Constitutional right to be treated fairly, justly and equally under the law.

The "Equal Protection Clause" of the Fourteenth Amendment guarantees that no person or class of persons shall be denied the same protection of the laws which are enjoyed by other persons or other classes in the same place and under like circumstances. The "equal protection of the laws" is an explicit safeguard of prohibited unfairness. Like due process, it assures that governmental actions and laws will apply to all persons "fairly," "justly," and "equally."

The parties to this action, as well as other agencies, have relied upon Alabama's legal position and not subjected Your Plaintiff to any of Alabama's earlier[2] or latter[3] sex offender registering statutes. In addition, the Florida plea was not used to enhance Your Plaintiff's prior sentences under Alabama's Habitual Offender Act, which like the Act requires a *"conviction."* Alabama's position that pleas of *nolo contendere* are inadmissible and are to be treated as a withdrawn guilty plea must apply to Your Plaintiff just as it does to others. Anything less applies the law "unfairly," "unjustly," and "unequally."

---

[2] §§13A-11-200 through 203 and 15-20-20 through 25, *Ala.Code* 1975.
[3] §15-20-20.1 through 38. (Community Notification Act).

9

## III.  *EX POST FACTO:*

Your Plaintiff would argue that under the circumstances of his case the application of Act upon him would be in violation of the *"Ex Post Facto Clause"* of Article 1, §10 of the United States Constitution.

Your Plaintiff contends that subjecting him to the Act more than a decade after entering the plea represents an *ex post facto law*. Article I, §10, of the Constitution prohibits the States from passing any *ex post facto law* that inflicts punishment, where the party was not, by law, liable to any punishment; inflicted greater punishment, than the law annexed to the offence; and at other times, they violated the rules of evidence by allowing evidence or testimony, which the courts of justice would not have previously admitted.

First, it must be noted that since as early as 1967 Alabama has had sex offender registering mechanisms in both the *Criminal Code* (Title 13A) and *Criminal Procedure* (Title 15) of Alabama 1975 (see n.2). Being aware of these sex offender registration statutes and Your Plaintiff's plea of *nolo contendere,* Alabama chose not to invoke the less restrictive and confidential statutes. Now, after more than a decade of silence it is attempting to impose a new legislative enactment (the Act) upon Your Plaintiff that subjects him to criminal sanctions (Class C Felony) for acts that were never before considered criminal. This is no different from amending an ordinance or enacting a new ordinance that would increase a fine, jail time and/or court cost for speeding then recalling all persons that

10

were cited for similar speeding violations years before and apply the new ordinance to them retroactively. None would question this type of law as being an *ex post facto law.*

Secondly, retroactively applying the Act to Your Plaintiff would inflict punishment, where he was not, by law, liable to any punishment before. Your Plaintiff has lived in Mobile County, Alabama before and after pleading *nolo contendere.* Alabama was aware of the plea and the earlier statutes of registration, but never required him to register.[4] Now, well over a decade later, the parties hereto are attempting to subject Your Plaintiff to possible punishment for acts that have never before been a violation of the law. His residency, employment, association with others; all could be possible felony convictions carrying a penalty up to "life" in prison for performing acts that have never carried possible criminal sanctions.

Thirdly, the application of the Act will inflict greater punishment, than the law annexed to the offence at the time the plea was entered. When Your Plaintiff agreed to plead *nolo contendere,* he did so with the agreement of eight years probation and a specific Order of the Court that he could return to Alabama to his wife and children. Alabama, being aware of the plea and the allegation, never attempted to imposed the earlier registering statutes (see n.2). Likewise, it never imposed any restrictions on his residency, employment, and association with others. Most importantly, Alabama never disrupted

---

[4] During the majority of the time, between 1992 and 2003, Your Plaintiff has either been incarcerated (county and state), on probation, or on parole. He had either an Alabama Drivers License or Alabama State Identification. At no time has any agency required Your Plaintiff to register as a convicted sex offender.

every facet of Your Plaintiff's life by informing his life long neighbors, friends, employers and society as a whole that he is a "convicted sex offender." Your Plaintiff is not a convicted sex offender.

Under the facts of this case, the application of the Act upon Your Plaintiff is even more burdensome than probation itself. His probation did not restrict his residency, movement, employment or any other Constitutional protected freedoms. This being established and cannot be refuted, how then can Alabama, over a decade later, impose sanctions?

Lastly, holding the *nolo contendere* plea is now a *"conviction"* after the passing of more than a decade violates the rules of evidence by allowing evidence or testimony, which the courts of justice would not have previously admitted.

Alabama's position that a plea of *nolo contendere* is in no way considered a "conviction" is substantiated by more than just any vague assertion. Alabama's position is firmly rooted in the State's Highest Court's jurisprudence this being recognized by the 11th Circuit as well. The Court's have held that this principal applies to both civil as well as criminal proceedings. See *State v. Thrower*, 272 Ala. 344, 346, 131 So.2d 420 (1961) ("such plea has no effect beyond the particular case, and cannot be used against the defendant as an admission in any civil suit for the same act."); *McNair v. State*, 653 So.2d 320 (Ala.Crim.App. 1992) ("A *nolo contendere* plea can not be used to establish the aggravating circumstance[s.]"); *Wright v. State*, 79 So.2d at 69 ("In our opinion a

conviction on a plea of *nolo contendere* is not admissible in this jurisdiction for the purpose of discrediting a witness."); see also *Snipes v. State*, 404 So.2d 106, 109 (Ala.Crim.App.) ("The rule in Alabama is that a conviction based upon a plea of *nolo contendere* is inadmissible in evidence in the proceedings.") (citations omitted), cert. quashed, 404 So.2d 110 (Ala.1981); *Smith v. State*, 46 Ala. App. 157, 239 So.2d 230, 236 (1970) ("A plea of *nolo contendere* is inadmissible in evidence in another proceeding."). See also, *Harrison v. Jones*, 880 F.2d 1279 (11th Cir. 1989) ("Since at least 1954, convictions based on pleas of *nolo contendere* have not been admissible in criminal prosecutions in Alabama for any purpose."). Thus, it is established that since as early as 1954 the State of Alabama has consistently held that the plea of *nolo contendere* is not a conviction it is also inadmissible as evidence in any other proceeding. The Defendants are estopped from doing so now after the passing of more than a decade.

Most importantly, the *Alabama Rules of Evidence,* Rule 410(a)(2), states, in pertinent part, that:

"(a) ... evidence of the following is not, in any civil or criminal proceeding, admissible against the defendant who made the plea or was a participant in the plea discussions:"

"(2) a plea of *nolo contendere* in a federal court or criminal proceeding in another state;"

In their attempt to apply the Act to Your Plaintiff, after more than a decade of holding that the plea was not a conviction and is inadmissible alters the rules of evidence

13

and allows evidence and testimony, which the courts of justice have previously and presently held to be inadmissible.

## IV.  BILL OF ATTAINDER:

Your Plaintiff's would argue that the retroactive and retrospective application of the Act, as applied to him, is in violation of the *"Bill of Attainder Clause"* of Article I, §10, of the United States Constitution.

This provision reflects the strong belief of the Framers of the Constitution that men should not have to act at their peril, fearing always that the State might change its mind and alter the legal consequences of their past acts so as to take away their lives, liberty, property and reputation. The purpose of the *Bill of Attainder Clause* is to prevent retroactive legislative punishment, of any form or severity. The application of the Act more than a decade after the plea was entered is precisely what the Act is, a bill of attainder.

A bill of attainder is a law that legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a judicial trial. In the instant case, an administrative branch of the government is attempting to render Your Plaintiff guilty of a crime when there has never been any evidence or testimony to determine guilt. Simply put, no government agency can determine or render guilt when the law states that the plea entered is not an admission of guilt and inadmissible outside of the proceeding in which it was entered.

14

The Act will infringe upon, if not destroy, the very fabric of Your Plaintiff's life, liberty, property and reputation. It will subject him to criminal sanctions, up to "life" in prison, for performing acts that have always been legal. Because punishment is not limited to actual restraint, but can be the loss of liberties, renders the application of the Act a bill of attainder, as applied to Your Plaintiff.

At the time the plea was entered, there were no restraints on Your Plaintiff's life, liberty or property. Moreover, he was not subjected to the public broadcasting that he is a sex offender. The fact is Your Plaintiff is not a convicted sex offender. The laws of Alabama say so. There has never been any evidence of testimony to determine guilt. The fact is, Your Plaintiff entered into a plea agreement, being accepted by the Court, which allowed him to plead *nolo contendere* because of the prejudice imposed due to the lengthy and needless delay in prosecution. Imposition of the Act now is the type law representing a bill of attainder.

## CONCLUSION:

Arguendo, even were the named Respondents to show some semblance of a reason for suddenly choosing to treat Your Plaintiff as a "sex offender" for purposes of the Act, then they should be made to show why they did not consider it encumbent upon themselves to use that reason to treat Your Plaintiff as a sex offender for the years subsequent to the *nolo contendere* plea mentioned herein, and prior to this complained of action on their behalf.

15

The Plaintiff would argue that in such circumstances as this, the pattern of the State is such that they would shift the burden of proof to the Plaintiff to prove that he is not guilty of a "sex offense" for purposes of sex offender registration. However the Alabama law is clear about *nolo contendere* pleas, and Your Plaintiff would aver that it is the duty of the State of Alabama, and the Respondents to prove that Your Plaintiff is suddenly guilty of a crime for which he is required to suffer the extreme prejudice of sexual offender notification and registration – a fact which they did not themselves deem to be so for the thirteen years preceding this complaint.

Your Plaintiff prays that the prejudice that he would suffer would be at once evident to this Honorable Court. Those individuals who are, by law, required to register under sexual offender notification laws and regulations are treated as pariahs in today's society. The movement of such individuals is greatly limited, and their name is forever besmirched with the onus of conviction that cannot be removed despite the grand efforts of the many well intentioned. Once Your Plaintiff is made to ascribe to the might of the Respondents in this situation, regardless of the amount of empathy or concern that anyone has, he will be forever labeled. Removing that label would then be like tearing apart a feather pillow in the wind and then attempting to gather all of the feathers.

Whether or not Your Plaintiff should be suddenly treated as such an individual is no small matter. In less than five short weeks, Your Plaintiff is scheduled for parole review – and subsequent to that time, the State of Alabama will serve a warrant against

him if he does not meet the requirements of the Act. He would be prejudiced not only from the label of "sex offender" attached to his name, but then would also be made to defend against additional criminal charges. Further if Your Plaintiff complies with these requirements, then he will be prejudiced by being made to forcibly agree that it is equitable and fair for the State of Alabama, and specifically the Respondents, to break their own laws – and treat individuals illegally and abridge constitutional rights guaranteed under the United States Constitution to every individual.

Your Plaintiff does not argue that the requirements of sex offender notification and registration fails to serve a legitimate societal and penological concern. He only adamantly argues that such requirements do not fit his particular situation – and he prays this Honorable Court to use its might and authority to protect him from such a catastrophic abridgement of the laws of this land, and of the State of Alabama. It is therefore Michael's – the Plaintiff in the instant cause – prayer that this Honorable Court will see its way clear in preventing this wrong before it occurs.

**PRAYER FOR RELIEF:**

WHEREFORE, Plaintiff prays that this Honorable Court:

**1. *DECLARATORY RELIEF*** stating that the acts and omissions described herein violated Plaintiff's rights under the Constitution and laws of the United States.

**2. *ISSUANCE OF A TEMPORARY RESTRAINING ORDER*** ordering Defendants Paul Whaley, Richard Allen, Troy King and the Director of the Alabama Department of Public

17

Safety, their agents, employees, and all persons acting in concert, directly or indirectly, or in agency with them to abstain or refrain from the application of the Act upon Your Plaintiff until the resolution of this action.

3. *DAMAGES* for nominal, compensatory, punitive damages, and special damages as allowed by law, against each Defendant, jointly and severally – individually and in their official capacity.

4. Order such further and other relief as this Honorable Court may deem just and proper herein.

Respectfully submitted this 29th day of March, 2006.

Michael R. Bush, Plaintiff
#149363
L.C.F.  Dorm 12
28779 Nick Davis Road
Harvest, Alabama 35749-7009


Pursuant to 28 U.S.C. §1746, I Michael R. Bush, declare and certify under the penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this 29th day of March, 2006.

Michael R. Bush, Plaintiff
#149363
L.C.F.  Dorm 12
28779 Nick Davis Road
Harvest, Alabama 35749-7009

18