IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2006 APR -3 A 9: 38

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DIST. ALA.

| | |
|---|---|
| MICHAEL R. BUSH, ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | CIVIL ACTION No. |
| ) | 2:06CV292-T |
| PAUL WHALEY, Director of Classification ) | (Supplied by Clerk) |
| For the Alabama Department of Corrections, | |
| RICHARD ALLEN, Commissioner for the ) | |
| Alabama Department of Corrections, | |
| TROY KING, Attorney General for the State ) | |
| of Alabama, | |
| L. N. HAGEN, or his successor, Director of the Alabama ) | |
| Department of Public Safety, | |
| ) | |
| Defendants. | |

**MOTION FOR PRELIMINARY INJUNCTION**

Pursuant to Federal Rule of Civil Procedure, Rule 65, Plaintiff moves this Honorable Court for a preliminary injunction for reasons set forth below and in his supporting memorandum of law:

1. *There is a reasonable likelihood that Plaintiff will prevail on the merits.* It should be noted that Your Plaintiff has filed a writ of certiorari in the Circuit Court of Montgomery County (CV-04-018), wherein he raised similar issues raised in the instant Complaint. The petition was filed over 2 years prior to the filing of the present action. During this time, the Defendants have refused to plead, answer or otherwise defend. Affirmative defenses have been pleaded by Your Plaintiff, which the Defendants have

1

refused to plead answer or otherwise defend. In addition, the Respondents have intentionally refused to comply with State Court's Order granting discovery and the Honorable Judge Price has refused to enforce its Order. Thus, the Defendants prior actions demonstrate that they are unwilling to provide discovery, answer, plead, or otherwise defend this action. Moreover, the Honorable Judge Price refuses to afford Your Petitioner due process by enforcing its Orders and rule on the various pleadings before the Court (see Complaint, Statement of Facts, #10 – 16). Your Petitioner contends that the Respondent's nonresponsiveness to the claims presented indicate their lack of a meritorious defense. Thus, a likelihood of success of Your Petitioner's claims exists.

Your Petitioner is presenting several issues claiming a violation of his rights under the United States Constitution. His first claim is that the Appellate Court's of Alabama and its procedural rules (*Alabama Rules of Evidence*, Rule 410) hold that the *nolo contendere* plea entered by Your Plaintiff is not a *"conviction"* and is inadmissible in any other proceeding as an admission or determination of guilt. Now, after the passing of some thirteen years, the Defendants, without notice and opportunity, are attempting to alter the jurisprudence of Alabama in a *quasi-judicial* setting by holding that the plea of *nolo contendere* is a *"conviction."* Their position is unsupported by any authority and contrary to the firmly established jurisprudence of Alabama.

In addition, the application of the Act to Your Plaintiff is in violation of the *Ex Post Facto Clause* and the *Bill of Attainder Clause* of the United States Constitution. A relevant

2

fact is that since as early as 1967, Alabama has maintained sex offender registration laws in both the *Criminal Code* (Title 13A) and the *Criminal Procedure* (Title 15) of the Alabama Code of 1975. These laws did not include public dissemination. In fact, the information gathered was confidential and inspection was limited to "duly constituted law enforcement officers or agencies."[1] After over a decade of silence, and not requiring Your Plaintiff to register under the less restrictive and confidential statute, the Defendants are now, without notice and opportunity, applying the more rigorous and public broadcasting provisions of the Community Notification Act. This, among other arguments offered, is evidence of the Act being in violation of the Ex *Post Facto Clause* and the *Bill of Attainder Clause* of the United States Constitution, as it is being applied to Your Plaintiff.

As stated above the Defendants have been unwilling to defend and offer competent authority to support their position. Your Plaintiff contends that they have no standing, only a personal estimation.

It is for the circumstances and premises set forth above, and herein, Your Petitioner will likely prevail on the merits of his claims.

**2. *There is a substantial threat of irreparable harm if the injunction is not granted.*** Your Plaintiff contends that the application of the Act, as applied to him, will impose an irreversible stigmatization on him, thus, destroying this reputation. Bush has lived and maintained residence in Mobile County, Alabama before and after the plea of *nolo*

---

[1] §§13A-11-201 and 202, *Ala.Code* 1975.

*contendere* was entered some thirteen years ago, some four years before the Act came into existence. At no time has any Alabama agency, including the Defendants, required Your Plaintiff to register, nor have they looked upon him as a *"convicted sex offender."* Notification will clearly brand the Your Plaintiff as a *"criminal sex offender"* -- a "badge of infamy" that he will have to wear the remainder of his life -- strongly implying that he is a likely sexual recidivist and poses a serious danger to his community.

Upon Your Petitioner's release he will be residing at a residence were he has lived the majority of his thirty-five years as an Alabama citizen. Your Petitioner, before or after the 1984 allegation, has never been accused of any type sexual misconduct or sexual deviate behavior. Branded as such now, without due process of law, not only infringes upon his Constitutional rights, but also will forever stigmatize him as a *"convicted sex offender."* This will have irreversible repercussions in his association with friends, neighbors, employers and residency. His life long friends, neighbors and employers will be told that he is a *"convicted sex offender,"* when he is not. Furthermore, this information will be broadcast worldwide via the Internet. What if, after all proceedings are completed, it is determined that the Act does not apply to Your Plaintiff's situation? It would be impossible to renounce what has already been done. Undoubtedly, there would be regrets, maybe even an attempt to correct the error in the public eye, but no one can cleanse or purify the thoughts and memories of those notified or those, who with a

click of mouse, see Your Plaintiff's name, address and personal information on the "world wide web." Once the bell is tolled, it cannot be unrung.

Thus, circumstances and premises set forth above, and herein, show that Your Petitioner will forever be stigmatized and his reputation destroyed by the inadequate procedures afforded him thus far if this injunction is not issued.

3. *The threatened injury to Your Plaintiff outweighs any harm the proposed injunction may cause the Defendants.* The relief Your Plaintiff seeks is an order to estop the Defendants from arbitrarily applying the Act to him that will have life long and irreversible harm to Your Plaintiff. The Defendants have a Constitutional duty to afford Your Plaintiff due process of law before placing his life, liberty, property and reputation in jeopardy. No notice or opportunity was given before making the decision to apply the Act to Your Plaintiff. There will be no harm to the Defendants. The only harm, if the injunction is not issued, is to Your Plaintiff.

4. *The public interest will not be disserved by a grant of a preliminary injunction.* To the contrary, the public interest is well served by protecting the Constitutional rights of all its members. The public must know that now matter what the government may do to him or her that the courts will be there to protect their inherent rights under the Constitution and laws of the United States. The Constitution is not to protect the government, but to protect the citizens of this Great Country.

Upon his release, Your Plaintiff will be residing at the same residence where he has lived the majority of his 35 years as a citizen of Alabama. Numerous neighbors have known Your Plaintiff for decades. In addition, he will be supervised, whether or not he is paroled in April, by the Alabama Board of Pardons and Paroles.[2] He will be required to register as a convicted felon pursuant to §§13A-11-180 through 13A-11-186, *Ala.Code* 1975. Moreover, Your Plaintiff has <u>never</u> been demonstrated any type behavior that would even remotely suggest he is a *"sex offender."* Thus, the public will not be disserved if this injunction is issued.

WHEREFORE, Your Plaintiff requests that upon consideration of this motion and supporting memorandum of law, that this Honorable Court order the Defendants Paul Whaley, Richard Allen, Troy King and the Director of the Alabama Department of Public Safety, their agents, employees, and all persons acting in concert, directly or indirectly, or in agency with them to abstain or refrain from the application of the Act upon Your Plaintiff until the resolution of this action.

Respectfully submitted this 29th day of March, 2006.

_____
Michael R. Bush, Plaintiff
#149363
L.C.F. Dorm 12
28779 Nick Davis Road
Harvest, Alabama 35749-7009

---

[2] Your Plaintiff has a sentence of fifteen years, split, one year to serve followed by five years probation.