IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MICHAEL R. BUSH, )
   Plaintiff, )
)
Vs. ) CIVIL ACTION No.
) 2:06CV292 -T
) (Supplied by Clerk)
PAUL WHALEY, Director of Classification )
For the Alabama Department of Corrections,
RICHARD ALLEN, Commissioner for the )
Alabama Department of Corrections,
TROY KING, Attorney General for the State )
of Alabama,
L. N. HAGEN, or his successor, Director of the Alabama )
Department of Public Safety,
)
   Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR PRELIMINARY INJUNCTION**

Your Plaintiff submits this memorandum of law in support of his motion for a preliminary injunction.

In determining whether a preliminary injunction should issue, a court must consider whether the party seeking the injunction has demonstrated that: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm if the injunction is not granted; (3) the threatened harm to the plaintiff outweighs any harm that the injunction may cause the defendant; and (4) the public interest will not be

1

disserved by the grant of a preliminary injunction. See *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). See also, *Doe v. Pryor*, 61 F. Supp 2nd 1224, 1229 (M.D. Ala. 1999).

## 1. THERE IS A REASONABLE LIKELIHOOD THAT YOUR PLAINTIFF WILL SUCCEED ON THE MERITS IN THIS CASE.

It is the law of this Circuit that the burden on the plaintiff is not to prove his claims, but that the plaintiff need only show that "there is a substantial likelihood that [the plaintiff] will prevail on the merits of the[] complaint when full adjudication of the matter occurs. *Cuban Am. Bar Ass'n, Inc. v. Christopher*, 43 F.3d 1412, 1424 (11th Cir. 1994).

Your Plaintiff would stress to this Honorable Court that he is preceding *pro se* and is unlearned in the law. He asks for this Honorable Court's leniency and latitude in his pleadings. Although your Plaintiff is unlearned, he is certain that his claims are firmly based upon competent authorities and that this injunction should issue to protect him from irreversible harm.

Your Plaintiff would argue that his due process claims are similar to the claims presented in *Doe v. Pryor, supra*. Doe argued that community notification under the Act would deprive him of a liberty interest in reputation as defined by the Supreme Court in *Wisconsin v. Constantineau*, 400 U.S. 433 (1971), *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, (1972), and *Paul v. Davis*, 424 U.S. 693 (1976).

This Honorable Court held that:

> "The plaintiff here is likely to succeed in showing, as a matter of fact, that community notification under the Act will seriously damage his reputation and

standing in the community. While it might seem that a convicted felon could have little left of his good name, community notification in this case will inflict a greater stigma than would result from conviction alone. Notification will clearly brand the plaintiff as a "criminal sex offender" within the meaning of the Community Notification Act--a 'badge of infamy' that he will have to wear for at least 25 years [now "life"] -- and strongly implies that he is a likely recidivist and a danger to his community. The plaintiff is therefore likely to pass the first part of the stigma-plus test.

The plaintiff is also likely to succeed in showing the existence of at least three well-recognized 'plus-factors.'

First, like the law struck down in *Constantineau*, the Community Notification Act deprives the plaintiff of rights previously held under State law. By virtue of having been deemed a 'criminal sex offender' within the meaning of the Act, the plaintiff no longer has the right establish a new residence without giving prior notice to government officials. See 1975 *Ala.Code* §15-20-22(d). He no longer has the right to live and work within 1,000 feet of a school or childcare facility. See *id*. §15-20-22(e). He no longer has the right to live with a minor who is not his biological or adoptive child. See *id*. §15-20-22 (g). And he no longer has the right to change his name. See id. §15-20-22(i). Whereas the Wisconsin statute at issue in *Constantineau* deprived those deemed to be a danger to their communities of only one right--"the right to purchase or obtain liquor," *Paul*, 424 U.S. at 708 -- the Community Notification Act deprives anyone deemed to be a 'criminal sex offender' of many. These additional deprivations therefore suffice to establish the 'plus' part of the stigma-plus test. See, *e.g.*, *Doe v. Pataki*, 3 F. Supp. 2d 456, 468 (S.D.N.Y. 1998).

Second, the plaintiff is likely to succeed in showing, as the plaintiff in *Roth* could not, that the Community Notification Act will foreclose his freedom to take advantage of housing and employment opportunities well beyond those expressly forbidden. There can be little doubt that prospective employers and sellers or lessors of real estate will think twice before doing business with an individual deemed to be a likely recidivist and a danger to his community, and, because the Act allows government officials to notify communities through the local media and the Internet, it is likely that at least some of these prospective business partners will become aware of the State's warning. To the extent that such opportunities are foreclosed, the plaintiff will have satisfied the 'plus' part of the stigma-plus test. See, *e.g.*, *Cutshall v. Sundquist*, 980 F. Supp. 928, 933 (M.D. Tenn. 1997).

> Third, and finally, the Community Notification Act will deprive the plaintiff of a legitimate privacy interest in his home address. The Act mandates disclosure of the plaintiff's home address when notifying his community, see 1975 <u>Ala.Code</u> §15-20-21(a)(2), and the Eleventh Circuit has repeatedly held that individuals have "an important privacy interest" in such information. <u>O'Kane v. United States Customs Serv.</u>, 169 F.3d 1308, 1310 (11th Cir. 1999) (per curiam); accord <u>Federal Labor Relations Auth. v. United States Dep't of Defense</u>, 977 F.2d 545, 549 (11th Cir. 1992); cf. <u>United States Dep't of Defense v. Fed. Labor Relations Auth.</u>, 510 U.S. 487, 501, 114 S. Ct. 1006, 1015, 127 L. Ed. 2d 325 (1994) (holding that individuals have a "nontrivial privacy interest" in nondisclosure of their home addresses). It is true, of course, that home addresses are sometimes available in telephone directories, voter registration lists, and other public records. But "just because the information 'is not wholly "private" does not mean that a person has no interest in limiting disclosure or dissemination of the information.'" <u>Federal Labor Relations Auth. v. United States Dep't of Defense</u>, 977 F.2d at 549 (quoting <u>Deptartment of Justice v. Reporters Comm. for Freedom of Press</u>, 489 U.S. 749, 770, 109 S. Ct. 1468, 1480, 103 L. Ed. 2d 774 (1989)); accord <u>United States Dep't of Defense v. Fed. Labor Relations Auth.</u>, 510 U.S. at 500, 114 S. Ct. at 1015. The plaintiff clearly has some privacy interest in the nondisclosure of his home address, and community notification under the Act will clearly deprive him of it. This additional deprivation constitutes a third plus-factor to satisfy the stigma-plus test. See, e.g., <u>Cutshall</u>, 980 F. Supp. at 933-34; <u>Doe v. Poritz</u>, 142 N.J. 1, 662 A.2d 367, 419 (N.J. 1995)."

<u>Doe</u>, <u>supra</u>, @ 1231 – 1232.

Comparing <u>Doe</u>, and the progeny therein, to Your Plaintiff's claims there is a likelihood of success. Your Plaintiff claims differ only in that under Alabama law his plea, *nolo contendere,* is not a conviction (discussed herein), Doe was *"convicted,"* for that reason, gives Your Plaintiff greater support than Doe. Therefore, Your Plaintiff will likely succeed on the merits of his claims.

As stated above, the Appellate Courts of Alabama holding is that a plea of *nolo contendere* is not a determination of guilt and is inadmissible in any other proceeding. See

4

*State v. Thrower*, 272 Ala. 344, 346, 131 So.2d 420 (1961) ("such plea has no effect beyond the particular case, and cannot be used against the defendant as an admission in any civil suit for the same act."); *McNair v. State*, 653 So.2d 320 (Ala.Crim.App. 1992) ("A *nolo contendere* plea can not be used to establish the aggravating circumstance[s.]"); *Wright v. State*, 79 So.2d at 69 ("In our opinion a conviction on a plea of *nolo contendere* is not admissible in this jurisdiction for the purpose of discrediting a witness."); see also *Snipes v. State*, 404 So.2d 106, 109 (Ala.Crim.App.) ("The rule in Alabama is that a conviction based upon a plea of *nolo contendere* is inadmissible in evidence in the proceedings.") (citations omitted), cert. quashed, 404 So.2d 110 (Ala.1981); *Smith v. State*, 46 Ala. App. 157, 239 So.2d 230, 236 (1970) ("A plea of *nolo contendere* is inadmissible in evidence in another proceeding."). See also, *Harrison v. Jones*, 880 F.2d 1279 (11th Cir. 1989) ("Since at least 1954, convictions based on pleas of *nolo contendere* have not been admissible in criminal prosecutions in Alabama for any purpose."). It is a prerequisite to the application of the Act that a person must have been *"convicted"* of a *"criminal sex offense"* to be subject to the registration and community notification provisions of the Act. (See §15-20-21(1), Ala.Code 1975). Under the laws of Alabama Your Plaintiff is not now, nor has he ever been considered a convicted sex offender. Holding so now would violate every standard of fairness and equality that the government must adhere to when dealing with the citizens of this Great Country. Your Plaintiff's claim that he is not a

*"convicted sex offender"* is firmly established in Alabama's jurisprudence and its procedural rules. Thus, it is likely that he will prevail on the merits of his claim.

The procedures used thus far are constitutionally inadequate. Due process is not a fixed concept, but central to its command is the right to prior notice and an opportunity to be heard. "Where a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him, notice and an opportunity to be heard are essential." <u>Constantineau</u>, 400 U.S. at 437. Yet, the procedures used here have given Your Plaintiff neither. (Quoting in part from <u>Doe v. Pryor</u>).

Your Plaintiff has demonstrated, with supporting authorities, that the Defendants have denied him substantive and procedural due process. He has also shown that the plea of *nolo contendere* is not considered a *"conviction,"* which is prerequisite in the application of the Act. Your Plaintiff prays that this Honorable Court will protect him and his rights by issuing a preliminary injunction against the Defendants.

## 2. *YOUR PLAINTIFF FACE'S A SUBSTANTIAL THREAT OF IRREPARABLE HARM.*

Your Plaintiff would argue that if an injunction were not issued he would suffer irreparable harm to his reputation, psyche and personal associations if community notification were allowed to proceed. The application of community notification will subject Your Plaintiff to public opprobrium, stigmatization, shame, embarrassment, and possible threats of physical harm for which there is no adequate remedy at law. Such harms are not easily measured or redressed by money damages. He will not likely be

6

able to sue after the fact for money damages in state or federal court because of the doctrines of qualified and sovereign immunity. Therefore, Your Plaintiff seeks a preliminary injunction to protect him from the irreparable damages that will occur if the Act is implement without a fully adjudication on the merits of this complaint.

It is Your Plaintiff's contention that if he is subjected to the Act, then it is later determined that the Act was not applicable to him or was done in violation of due process, that no about of might could undue what has already been done. Simply put, Your Plaintiff would be ruined. The very fabric of his life will be forever destroyed and no amount of money could undue what has been done. Not even the most serious and sincerest apologizes could undue what has been done. Once the Defendants have tolled the bell of community notification, it cannot be unrung.

3. **THE THREATENED HARM TO THE PLAINTIFF OUTWEIGHS ANY HARM THAT THE INJUNCTION MAY CAUSE THE DEFENDANTS.**

The threat of harm to Your Plaintiff outweighs any harm that might be incurred by the Defendants by issuance of a preliminary injunction. As the complaint, motion for preliminary injunction and this memorandum has pointed out, the Defendants have denied Your Plaintiff due process of law, ignored pleadings and have refused to defend a similar action. They have intentionally disregarded lawful court orders of discovery. All being an indicative they have no position based in law. Their only position is of their personal estimation. That is not sufficient to justify their actions.

The Defendants cannot, nor will they, be harmed by the issuance of a preliminary injunction. In fact, the law allows and even protects the government if the Act is not implemented. Section 15-20-37, *Ala.Code* 1975, states:

7

> "Nothing in this article shall be construed as creating a cause of action against the state or any of its agencies, officials, employees, or political subdivisions based on the performance of any duty imposed by this article or the failure to perform any duty imposed by this article."

Therefore, the law protects the Defendants and they cannot be harmed by the issuance of the preliminary injunction. Because of the seriousness and consequences of the Act, as applied to Your Plaintiff, the only person threatened here is Your Plaintiff.

### 4. THE PUBLIC INTEREST WILL NOT BE DISSERVED BY A GRANT OF A PRELIMINARY INJUNCTION.

In assessing whether the requested injunction would be adverse to the public interest, the court's inquiry is necessarily confined to the harm that might occur in the interval between ruling on the preliminary injunction and trial on the merits. See *Doe*, *supra*, @ 1235; *f. United States v. Lambert*, 695 F.2d 536, 540 (11th Cir. 1983). The potential harm, of course, is that the plaintiff will victimize an individual in his community who would have been able to avoid such harm if notice had been provided. Your Plaintiff has lived in Mobile County, Alabama without incident for over thirty-five years, and nothing about his prior conduct suggests that he is a threat to the public. These factors, plus the fact that state, and local law enforcement authorities will be fully aware of the Your Plaintiff's whereabouts, should persuade this Honorable Court that there is no threat of potential harm and an injunction is appropriate under the circumstances of this case.

Your Plaintiff does not suggest to this Honorable Court that he has lived free from contact with law enforcement authorities. He admits he has not. The fact is, Your Plaintiff is not a sex offender, then, now or ever. He has been convicted for various traffic offenses, property crimes and the present conviction for possession of cocaine. None of which equate into him being a *"convicted sex offender."* An injustice is occurring at this

very moment and Your Plaintiff begs for this Honorable Court use its might and authority to protect his rights.

## CONCLUSION

WHEREFORE, for these reasons, Your Plaintiff asks this Honorable Court to order the Defendants Paul Whaley, Richard Allen, Troy King and the Director of the Alabama Department of Public Safety, their agents, employees, and all persons acting in concert, directly or indirectly, or in agency with them to abstain or refrain from the application of the Act upon Your Plaintiff until the resolution of this action.

Respectfully submitted this 29th day of March, 2006.

_____
Michael R. Bush, Plaintiff
#149363
L.C.F. Dorm 12
28779 Nick Davis Road
Harvest, Alabama 35749-7009