IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL R. BUSH, #149363 ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | CASE NO.: 2:06-CV-292-MHT |
| ) | |
| PAUL WHALEY, et al. ) | |
| ) | |
| Defendants. ) | |

### DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

### EXHIBITS

EXHIBIT I – April 13, 2006 Affidavit of Paul Whaley II.

EXHIBIT II – ADOC Admin. Reg. No. 400, "Classification of Inmates"

### PLAINTIFF'S ALLEGATIONS

Plaintiff claims he is being classified as a sex offender based on a conviction for a sexual offense in 1984 or 1992 in Florida. Compare, Pl. Mot. Prelim. Inj. pp. 3-4 ("Bush has lived and maintained residence in Mobile County, Alabama before and after the plea of *nolo contendere* was entered some thirteen years ago, some four years before the Act came into existence.") with Pl. Mot. Prelim. Inj. p. 4. ("Your Petitioner before or after the 1984 allegation, has never been accused of any type [SIC] sexual misconduct or sexual deviate behavior.") Plaintiff claims that he pled *nolo contendere* to the charge and therefore should not be classified as a sex offender. Apparently, Plaintiff believes that when or if he gets out of prison, he will be required to register as a

1

sex offender. Regardless, the Alabama Department of Corrections ("ADOC") classifies inmates by security level and custody using interviews, tests, scoring instruments, and behavior records as well as official court documents and reports from police and other criminal justice agencies. (Ex. II.) An inmate's classification in prison does not have any bearing as to whether he will be classified as a sex offender by the Department of Public Safety when the prisoner is released.

The Plaintiff seeks a preliminary injunction. Specifically, Plaintiff asks this Honorable Court to issue an Order for the Defendants to "abstain or refrain from the application of the Act upon Your Plaintiff until the resolution of this action."

## ARGUMENT

The Alabama Supreme Court has set forth the standards the Plaintiff must satisfy in order for this Honorable Court to issue the requested preliminary injunction:

> In order for a trial court to grant a preliminary injunction, the plaintiff must show *all* of the following: (1) that without the injunction the plaintiff would suffer immediate and irreparable injury; (2) that the plaintiff has no adequate remedy at law; (3) that the plaintiff has at least a reasonable chance of success on the ultimate merits of his case; and (4) that the hardship imposed on the defendant by the injunction would not unreasonably outweigh the benefit accruing to the plaintiff.

Perley for Benefit of Tapscan, Inc. v. Tapscan, Inc., 646 So.2d 585, 587 (Ala.,1994) (internal citations omitted). The Plaintiff has failed to meet the standard for issuance of a preliminary injunction.

2

I. **The Plaintiff will not suffer irreparable harm if the relief requested is not granted.**

Plaintiff will not suffer any immediate or irreparable harm if this Honorable Court does not grant him the injunctive relief he has requested. Specifically, the Plaintiff's Motion for Preliminary Injunction fails because the relief he seeks is not tailored to the complaints he makes. Plaintiff is currently incarcerated in Limestone Correctional Facility. Plaintiff is classified as medium custody for the purposes of ADOC prisoner classification. (Ex. I, ex. b.) ADOC classified the Plaintiff as such using interviews, tests, scoring instruments, and behavior records as well as official court documents and reports from police and other criminal justice agencies. (Ex. I.) When he is released from prison, the ADOC has no reason to classify him, as he will no longer be in their custody. He therefore has no reason to believe that his prison classification will brand him as a convicted sex offender, "implying that he is a likely sexual recidivist and poses a serious danger to his community." His community is Limestone Prison where he has already been classified as a medium custody inmate because he is a convicted sex offender.

An injunction cannot undo what cannot be undone. Plaintiff is a convicted sex offender for the purposes of the ADOC's internal classification system. (Ex. I.) Plaintiff's community at this time is Limestone Correctional Facility. Plaintiff has not been determined by the Department of Pubic Safety to be a convicted sexual offender for the purposes of registering as a convicted sex offender when he is *released from prison*. (Ex. I.)

3

Clearly this Court's refusal to grant the requested relief would not subject the Plaintiff to immediate irreparable harm.

**II. The Plaintiff does not have a reasonable chance of success on the merits.**

The Plaintiff's records show that he in fact pled guilty to a sexual offense against a child. (Ex. I.) Plaintiff offered no proof otherwise.

## CONCLUSION

For all of the foregoing reasons, Plaintiff's Motion for Preliminary Injunction is hereby due to be denied.

          Respectfully submitted,
          TROY KING
          Attorney General


          /s/ J. MATT BLEDSOE
          J. MATT BLEDSOE (BLE006)
          Assistant Attorney General
          Counsel for Defendants


OF COUNSEL:

OFFICE OF THE ATTORNEY GENERAL
11 South Union Street
Montgomery, AL 36130
(334) 242-7443
(334) 242-2433 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that I have, this 28th day of April, 2006, served a copy of the foregoing on the plaintiff, by placing same in the United States Mail, postage prepaid and properly addressed as follows:

Michael Bush, #149363
Limestone Correctional Facility
28779 Nick Davis Road
Harvest, AL  35749-7009

        /s/ J. MATT BLEDSOE
        OF COUNSEL