IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL R. BUSH, ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | CIVIL ACTION No. |
| ) | |
| PAUL WHALEY, et. al., ) | 2:06-CV-292-MHT-SRW |
| Respondents. ) | |

**PLAINTIFF'S OBJECTIONS AND MOTION TO STRIKE DEFENDANTS'
RESPONSE AND ATTACHED EXHIBITS TO PLAINTIFF'S MOTION
FOR PRELIMINARY INJUNCTION**

Your Plaintiff objects and for good cause shown, request that this Honorable Court strike in its entirety, or in part, the Defendants' pleading and attached exhibits as being insufficient, immaterial, impertinent and prejudicial. Your Platinff presents and shows unto this Honorable Court as follows:

**ARGUMENT**

Your Plaintiff would argue that the Defendants' response to his Motion for Preliminary Injunction are immaterial, impertinent and are insufficient, having no possible relation to the issues raised in his complaint. Rule 12(f) of the *Federal Rules of Civil Procedure* provides that "the court may order stricken from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

1

Your Plaintiff argues that the Defendants' response should be stricken in its entirety or in part. He asserts that the response and exhibits offered are immaterial, impertinent and have prejudicial effect upon Your Plaintiff. Specifically, the pleading does not address the substance of the issues raised, and the attached exhibits contain statements known to the Defendants' to be false and erroneous. Your Plaintiff argument is that the Defendants' present conduct is akin to their intentional delay tactics in the State Court action that has remained pending and unanswered for *years*. See Rebuttal to Defendants' Response to Preliminary Inj - Exhibit 2.[1]

Your Plaintiff presented a clear statement of his claims and the relief sought. His contentions were limited solely to the imposition of the Alabama Community Notification Act upon him. In response, the Defendants' argued only that Your Plaintiff is being classified a sex offender for purposes of ADOC classification only, failing to address the substance of Your Plaintiff's claims. Your Plaintiff has not raised any issue concerning "lesser restrictive placement, programs, and custodies" as suggested and argued by the Defendants. See Defendants' Response Prelim. Inj., Ex. I. Defendants are submitting an insufficient defense of internal classification that is immaterial and impertinent to the issue presented in Your Plaintiff's motion for preliminary injunction and memorandum in support. Furthermore, the Defendants are submitting documents

---

[1] Because of the ADOC copying fee (.50 per page), Your Plaintiff is unable to provide multiple copies. He respectfully requests that this Honorable Court allow him to refer to the exhibits attached to his Rebuttal to Defendants Response to Preliminary Injunction.

2

known by them to be false and erroneous, causing needless litigation, thus wasting judicial resources.

## I. DEFENDANTS' RESPONSE IS IMMATERIAL AND IMPERTINENT TO THE ISSUES RAISED, THUS THEIR ARGUMENT SHOULD BE STRICKEN.

The Defendants' response is immaterial and impertinent to Your Plaintiff's claims. Your Plaintiff's motion for preliminary injunction and memorandum in support does not include any contentions of his ADOC "internal classification". He only argued issues concerning implication of Alabama's Community Notification Act. The Defendants have not addressed with specificity the issues raised, nor have they indicated whether they will or will not be implementing the Act upon Your Plaintiff's imminent release. It would seem as though they have avoided the issue by injecting an unrelated issue that is immaterial and impertinent to that presented. An "'[i]mmaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded, or a statement of unnecessary particulars in connection with and descriptive of that which is material." 5A CHARLES ALLAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1382, pp. 706-08 (2d ed. 1990).

Your Plaintiff argues that the Defendants' response is nothing by an attempt to delay the proceedings by *"muddying the waters"* with allegations and assertion that have nothing to do with the issues presented. Your Plaintiff's internal classification for purposes of lesser restrictive placement, programs, and custodies are not related to his

being classified a sex offender for the purposes of the Community Notification Act. The Defendants' agents have already informed Your Plaintiff if an injunction is not issued the Act will be applied. The Defendants' are simply being evasive and nonresponsive by arguing internal classification suggesting that the decision to implement registration lay with the DPS, and Your Plaintiff "has not been determined by the [DPS] to be a convicted sexual offender for the purposes of registering ... when he is *released from prison.*" See Defendants' Response Prelim. Inj. p.3. The DPS is as much of a party to this action as the ADOC, but it seems as though they have decided to stand mute or they concede that registration will not occur. Whether it is the former or the latter, or simply a ploy, the response offered does not address the substance of the claims.

## II. THE DEFENDANTS HAVE SUBMITTED EXHIBITS THAT ARE KNOWN BY THE DEFENDANTS TO CONTAIN FALSE AND ERRONEOUS INFORMATION, THUS THE EXHIBITS SHOULD BE STRICKEN.

The Defendants' have attached several documents that Defendant Paul Whaley suggests to this Honorable Court to be "official court documents and reports from police and other criminal justice agencies." See Defendants' Response Prelim. Inj., Exhibit I. Your Plaintiff contends that these purported "official court documents and reports from police and other criminal justice agencies" are known to the Defendants' to erroneous.

First, Defendant Whaley previously submitted certified court documents that show that the plea entered was *nolo contendere*, not a guilty plea. See Rebuttal to Defendants' Response to Preliminary Inj - Exhibit 1. pp.6-7. The same shows that the *nolo*

4

*contendere* plea was to an allegation of "Attempted Sexual Battery". See Rebuttal to Defendants' Response to Preliminary Inj - Exhibit 1, p.6. Now, before this Honorable Court Defendant Whaley has submitted several documents of unknown origin, unsigned and unauthenticated stating Your Plaintiff pleaded guilty. See Defendants' Response Prelim. Inj., Exhibit C & D. In addition, the Defendants have submitted Your Plaintiff's ADOC 2004 Annual Progress Form that states Your Plaintiff "pled guilty to sexual battery II. See Defendants' Response Prelim. Inj. Exhibit B . In 2005, the ADOC changed its position that Your Plaintiff did not plead guilty, but "pled NO CONTEST". See Rebuttal to Defendants' Response to Preliminary Inj - Exhibit 6.

Your Plaintiff's contention is that the Defendants attached exhibits are prejudicial; they do not represent facts, but are fabrications of unknown origin that are unsigned and unauthenticated. Your Plaintiff contests that:

a) Defendants' Exhibit B, is in direct conflict with the latter progress review of 2005 that reflects the truth; the Defendants' intentionally withheld the latter.

b). Defendants' Exhibit C, is page 3 of 4 of a document of unknown origin, unsigned and unauthenticated. The corresponding dates, agencies, charges and dispositions are false and erroneous.

c). Defendants' Exhibit D, reflects the same as Exhibit C. The document is of unknown origin, unsigned and unauthenticated. The charges and dispositions are false and erroneous.

5

These objections should come as no surprise to the Defendants. The Defendants are aware of their prior position and documents submitted. The submission of the above referenced represents bad faith pleading and should be stricken.

Aware of the Florida Court Order and 2005 Annual Progress Review Form, the Defendants chose to withhold it from this Honorable Court. This is nothing but an attempt to prolong the proceedings, wasting judicial recourses, which has caused Your Plaintiff contest to documents that are already known to the Defendants to be false and erroneous.

## **CONCLUSION**

The Defendants have known for years of Your Plaintiff's contentions. Now, that Your Plaintiff has exercised his right to judicial relief in this Honorable Court they are acting as if Your Plaintiff is seeking lesser restrictive custody or programs. This is simply an attempt to delay the proceedings, which will allow them to arbitrarily implement community notification without the protections of due process. In doing so, they have submitted documents that are known to them to be false. Their pleading in the State court and Your Plaintiff's 2005 progress review form affirmatively shows this. Knowing the documents contain false and erroneous information, they presented the documents to this Honorable Court without regard of the consequences and prejudicial effect. Their actions are highly questionable .

6

## **RELIEF REQUESTED**

Your Plaintiff would request that this Honorable Court grant him relief by ordering:

a). that the Defendants' Response to Plaintiff's Motion for Preliminary Injunction be stricken as being immaterial, impertinent, having no relation to the issues presented in Your Plaintiff's complaint; or

b). that the Defendants' attached exhibits be stricken as being false erroneous and presented in bad faith; and

c). any other and further relief this Honorable Court deems appropriate.

Respectfully submitted this 5th day of May, 2006.

_____
Michael R. Bush, Plaintiff

## CERTIFICATE OF SERVICE

I, Michael R. Bush, certify that I have served a true of the foregoing upon counsel for the Defendants on this 5th day of May, 2006, by placing the same in the United States Mail, postage prepaid and properly addressed as follows:

J. Matt Bledsoe
Office of the Attorney General
11 South Union Street
Montgomery, Alabama 36130-0152


*[signature]*
Michael R. Bush  #149363
L.C.F.  12 Dorm
28779 Nick Davis Road
Harvest, Alabama 35749-7009