IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL R. BUSH, | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | CIVIL ACTION No. |
| | ) | |
| PAUL WHALEY, et. al., | ) | 2:06-CV-292-MHT-SRW |
| Respondents. | ) | |

**REBUTTAL TO RESPONDENT'S ANSWER TO PLAINTIFF'S
MOTION FOR PRELIMINARY INJUNCTION**

EXHIBIT 1 – MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT (CV-04-018/MONTGOMERY COUNTY).

EXHIBIT 2 – CASE ACTION SUMMARY (CV-04-018/MONTGOMERY COUNTY).

EXHIBIT 3 – PLAINTIFF'S INMATE SUMMARY (TIME SHEET).

EXHIBIT 4 – ADOC CLASSIFICATION REGULATION FOR INMATES UNDER MEGAN'S LAW.

EXHIBIT 5 - ADOC CLASSIFICATION REGULATION FOR INMATES NOT TO BE PLACED UNDER MEGAN'S LAW.

EXHIBIT 6 – PLAINTIFF'S 2005 ADOC ANNUAL PROGRESS REVIEW.

**RESPONDENT'S ALLEGATIONS**

The Respondent's argument is that Your Plaintiff "will not suffer and immediate or irreparable harm if this Honorable Court does grant him the injunctive relief he has

1

requested." See Defendants' Response Prelim. Inj. p.3. Defendants' are inferring that Your Plaintiff is only being classified as a "sex offender for the purposes of ADOC's internal classification system." See Defendants' Response Prelim. Inj. p.3. Defendants' position is that Your Plaintiff "believes that when or if he gets out of prison, he will be required to register as a sex offender. ... An inmates classification in prison does not have any bearing as to whether he will be classified as a sex offender by the Department of Public Safety [DPS]." See Defendants' Response Prelim. Inj. p.2. The Defendants' further argue that "[a]n injunction cannot undo what cannot be undone." See Defendants' Response Prelim. Inj. p.3. The arguments, assertions, and attached exhibits of the Defendants raise more questions than they answer, therefore, their argument and assertions must fail.

The Defendants' argument falls short in several ways and do not show this Honorable Court:

1) how Your Plaintiff will not suffer irreparable harm;

2) The Respondents do not show how Your Plaintiff will *not* succeed on the merits of his complaint; they offer no authorities in opposition.

3) In addition, Defendants' have failed to plead, answer or otherwise defend that: a) the threatened injury to the Your Plaintiff outweighs whatever damage the proposed injunction may cause the opposing party; and

2

4) That if issued, the injunction would not be adverse to the public interest.

Therefore, under the 11th Circuit's four-prong test the Defendants' have failed to show the Honorable Court why the injunction should not issue. The requested preliminary injunction should issue to protect Your Plaintiff from the immediate and irreparable harm because of his imminent and pending release.

## STANDARD OF REVIEW

The Defendants' are requesting that this Honorable Court employ the Alabama Supreme Court's standard of review for the issuance of a preliminary injunction in this matter. Defendants' cite *Perley for Benefit of Tapscan v. Tapscan, Inc.*, 646 So.2d 585, 587 (Ala.1994). See Defendants' Response Prelim. Inj. p.2. The only notable difference between the Alabama standard of review and that of the 11th Circuit is the Alabama courts require a person seeking an injunction to show *immediate* injury. The 11th Circuit's standard does not require a showing of immediate injury, only that a plaintiff "**will** suffer irreparable injury unless the injunction issues" (emphasis added). *Doe v. Pryor*, 61 F.Supp.2d 1224, 1229 (M.D.Ala.1999). Whether this Honorable Court employs the standard of the 11th Circuit or that of Alabama, Your Plaintiff has met both, immediate and irreparable injury.

## ARGUMENT

**I. Your Plaintiff will suffer immediate and irreparable harm if the requested injunction is not issued.**

1.) The Defendants' argument is immaterial and impertinent to Your Plaintiff's complaint. Their assertion that Your Plaintiff's classification as a sex offender is for ADOC purposes only. See Defendants' Response Prelim. Inj. pp.1-3. It does not address, nor does it show this Honorable Court, how Your Plaintiff will not suffer immediate and irreparable injury. Because of the Defendants' misleading and nonresponsiveness to Your Plaintiff's claims, Your Plaintiff addresses the argument as presented.

2.) First, the Defendants' argue that Your "Plaintiff will not suffer any immediate ... harm if this Honorable Court does not grant him the injunctive relief he has requested." See Defendants' Response Prelim. Inj. p.3. As Your Plaintiff stated in his motion for preliminary injunction and memorandum in support, his parole review date would be held on April 26, 2006; two day before the Defendants' show case brief was Ordered due. On April 26, 2006, the Alabama Board of Pardons and Paroles granted Your Plaintiff parole.[1] Therefore, Your Plaintiff has made a showing that his release is imminent and pending, thus is the harm in which he begs for injunctive relief from this Honorable Court until the resolution of this cause.

---

[1] Your Plaintiff is unable to provide written documentation at this time, but this Honorable Court can verify the validity by calling the Alabama Board of Pardons and Paroles computerized information system at 1-888-726-9799, entering Your Plaintiff's AIS# 149363 as directed.

4

3.) The Defendants' state that Your Plaintiff "will not suffer any ... irreparable harm," yet they fail to state how he will not be harmed. <u>See</u> Defendants' Response Prelim. Inj. p.3. Community notification will subject the plaintiff to public opprobrium, stigmatization, shame, embarrassment, and threats of physical harm for which there is no adequate remedy at law. If the requested injunction is not issued Your Plaintiff will be will be denied his First Amendment right to association (intimate association and expressive association) (complaint to be amended). His Fourteenth Amend right to engage in his lawful occupation of 20 plus years will be curtailed, if not taken away because of the Act's overbreadth (complaint to be amended). Furthermore, Your Plaintiff will be denied his right to privacy by the public disclosure of his home address and place of employment (complaint to be amended). All of which are being done without due process of law. "The purpose of a preliminary injunction is to prevent irreparable injury so as to preserve the court's ability to render a meaningful decision on the merits." <u>United States v. Alabama</u>, 791 F.2d 1450, 1458 (11th Cir. 1986). "It is the threat of harm which cannot be undone which authorizes the exercise of this equitable power before the merits are fully determined." <u>Parks v. Dunlop</u>, 517 F.2d 785, 787 (5th Cir. 1975). Your Plaintiff has shown that his release is imminent and that irreparable harm will occur. No amount of monetary damages can cure the irreparable harm the Act will inflict upon Your Plaintiff. This Honorable Court has the competent and equitable power to protect its Plaintiff for

5

the complained of injustice. Your Plaintiff begs for this Honorable Court's judicial might and authority to protect his rights under the laws and Constitution of the United States.

4.) The Respondents assert that Your Plaintiff's classification as a sex offender is by "using interviews, tests, scoring instruments, and behavior records as well as official court documents and reports from police and other criminal justice agencies." See Defendants' Response Prelim. Inj. p.3. There is both a legal and factual contention regarding their assertion and the exhibits offered in support. Not a single shred of documentation was presented by the Respondents – in direct contravention of this Honorable Court's order stating that they must do so – to validate their claim that his classification was by using interviews, tests, scoring instruments, and behavior records as well as official court documents and reports from police and other criminal justice agencies. (See ORDER, dated April 4, 2006, p.2, ¶ 2). The Defendants' have not produced any transcripts of interviews, test results, scoring instruments, and behavior records. The purported official court documents and reports from police and other criminal justice agencies are ambiguous and self-contradicting. Moreover, outside of Respondent Whaley's bad faith affidavit, no document is sworn to be true and correct nor verified to be authentic. The fact is, the documents contain misrepresentations of charges, dispositions and indicate arrests and charges Your Plaintiff has no knowledge. Your Plaintiff moves this Honorable Court to strike the exhibits. See accompanying objections and motion to strike.

6

5.) Respondents claim that Your Plaintiff "has no reason to believe that his prison classification will brand him as a convicted sex offender." See Defendants' Response Prelim. Inj. p.3. This statement is not only in opposition to their previous assertions, but is also in opposition to the ADOC classification manual. Your Plaintiff addresses each sequentially.

6.) In Your Plaintiff's State action, the Defendants' clearly avow their intentions. See Exhibit 1 p.1 ("The Petitioner is a sex offender under the definition of Megan's law"). See also, Exhibit 1 p.4 ("it is entirely appropriate that this offender be identified as a Megan's Law offender").[2] Pleading before this Honorable Court the Defendants' have altered their position by stating Your Plaintiff's classification as a sex offender is "for the purposes of the ADOC's internal classification system," and it "has not been determined by the [DPS] to be a convicted sexual offender for the purposes of registering ... when he is *released from prison.*" See Defendants' Response Prelim. Inj. p.3. This argument seems to be an attempt to mislead not only Your Plaintiff, but this Honorable Court as well. This *"smoke and mirror"* litigation seems to suggest that the responsibility to impose registration lay only with the DPS. The ADOC is the "responsible agency" as defined by the Act.

> "Responsible agency. The person or government entity whose duty it is to obtain information from a criminal sex offender before release and to transmit that information to police departments or sheriffs responsible for providing community notification. For a criminal sex offender being

---

[2] This motion is the only responsive pleading filed by the Defendants'. The action has remained stagnant for well over 2 years (See Exhibit 2).

7

released from state prison, the responsible agency is the Department of Corrections. ..."

§15-20-21(11), *Ala.Code* 1975.

7.) It being determined that the ADOC is the agency responsible for the implementing the Act upon Your Plaintiff we must look to manner in which the Act is implemented.

(a) Forty-five days prior to the release of an adult criminal sex offender, the following shall apply:

(1) The responsible agency shall require the adult criminal sex offender to declare, in writing or by electronic means approved by the Director of the Department of Public Safety, the actual address at which he or she will reside or live upon release and the name and physical address of his or her employer, if any. Any failure to provide timely and accurate declarations shall constitute a Class C felony. Any adult criminal sex offender in violation of this section shall be ineligible for release on probation or parole. Any adult criminal sex offender in violation of this section who is to be released due to the expiration of his or her sentence shall be charged with violating this section and, upon release, shall immediately be remanded to the custody of the sheriff of the county in which the violation occurred. Any adult criminal sex offender charged with violating this section may only be released on bond on the condition that the offender is in compliance with this section before being released.

§ 15-20-22(a)(1), *Ala.Code* 1975.

8.) Before being released from custody, the ADOC, being the "responsible agency," is required to initiate the community notification process. Your Plaintiff asks this Honorable Court to note that although the ADOC infers that Your Plaintiff's classification as a sex offender is for internal purposes only, they do not specifically state

8

that they will not be implementing the Act or the notification process. They simply leave the substance of Your Plaintiff's claims unanswered.

9.) A likely scenario is that the ADOC could remain mute, allowing the DPS, Alabama Board of Pardons and Paroles, or other city, county or State agency to implement the Act after Your Plaintiff is released. This would amount to deceit and trickery upon not only Your Plaintiff, but this Honorable Court as well. The only means of insuring that the Defendants' do not act in a deceitful and misleading manner is to issue the requested injunction to protect Your Plaintiff from the immediate and irreparable harm that is at hand.

10.) The Defendants state that Your Plaintiff "has not been determined by the [DPS] to be a convicted sexual offender for the purposes of registering ... when he is *released from prison.*" See Defendants' Response Prelim. Inj. p.3. The Defendants entire response hinges upon the ADOC's internal classification; internal classification is not the issue. Because the response is submitted by Assistant Attorney General, J. Matt Bledsoe, "Counsel for the Defendants" (See Defendants' Response Prelim. Inj. p.4) suggests that he responds for *all* Defendants, including the DPS. Because the DPS has remained silent, it should be considered that they do not oppose the issuance of the injunction.

11.) The Defendants' assertion that Your Plaintiff's "has no reason to believe that his prison classification will brand him as a convicted sex offender." See Defendants' Response Prelim. Inj. p.3. The Defendants' are misleading this Honorable Court by

omission. The Defendants' have attached an "S" suffix to Your Plaintiff's AIS# (EXHIBIT 3). This "S" suffix identifies an inmate as being required to register under the provisions of the Act upon his release (EXHIBIT 4). If an inmate is considered to be a sex offender for ADOC classification purposes only, as the Defendants' claim, then an "R" suffix is attached to the inmates AIS# (EXHIBIT 5). If the Defendants' were being completely honest with this Honorable Court, they would have included this information; they choose not. This omission shows bad faith by the Defendants.

## II. YOUR PLAINTIFF HAS DEMONSTRATED A REASONABLE LIKELIHOOD OF SUCCESS ON THE MERITS.

12.) The Respondents' pleading suggests that Your "Plaintiff's records show that he in fact pled guilty to a sexual offense against a child." See Defendants' Response Prelim. Inj. p.4. This statement is made by the Defendants' knowing it is false. The Defendants' have previously admitted that the plea entered by Your Plaintiff was a plea of *nolo contendere*. (EXHIBIT 1, pp.4-7) (See also EXHIBIT 6). The Defendants' are well aware of the plea entered; yet, they are attempting to mislead this Honorable Court, delaying the proceedings, thus, wasting judicial recourses.

13.) Your Plaintiff has shown this Honorable Court, with supporting authorities that Alabama's position is that a plea of *nolo contendere* "has no effect beyond the particular case, and cannot be used against the defendant as an admission in any civil

suit for the same act." State v. Thrower, 272 Ala. 344, 346, 131 So.2d 420 (1961). See Complaint pp.16-17. See also, Pl. Prel. Inj. Mem. pp.4-5.

### III. THE THREATENED INJURY TO YOUR PLAINTIFF OUTWEIGHS WHATEVER DAMAGE THE PROPOSED INJUNCTION MAY CAUSE THE DEFENDANTS.

### IV. THE INJUNCTION WOULD NOT BE ADVERSE TO THE PUBIC INTEREST.

14.) The remaining two factors of the four-prong test are uncontested by the Defendants. Your Plaintiff argues that their silence prove that: 1) the threatened injury to the Your Plaintiff outweighs whatever damage the proposed injunction may cause the opposing party; and 2) that if issued, the injunction would not be adverse to the public interest. The Defendants are well aware that Your Plaintiff poses no risk to society and that the issuance of the injunction will only protect his rights until a full and fair hearing is conducted on the merits. Your Plaintiff asks this Honor Court to take their silence as an admission that the issuance of the requested injunction will be in the interest of justice.

### CONCLUSION

Your Plaintiff WILL suffer irreparable harm if this Honorable Court does not assert its might and authority on his behalf, through the issuance of a injunctive relief. The intent of the United States Constitution is not merely to allow for redress should harm occur to an individual's substantive or procedural rights, but also empowers the United States District Court to protect an individual against the abridgement and damage that could be done to those rights as well.

It is beyond cavil the damage that will occur to a person that is not convicted of a sexual offense having to register as a convicted sexual offender. Your Plaintiff has stated quite plainly the irreparable and irrevocable damage that would occur, were the might of this Honorable Court not asserted on his behalf.

Arguendo, were the Respondents correct in asserting that the Alabama Department of Public Safety *would not* require Your Plaintiff to register, and give notification under the respective laws and regulations in Alabama that require such, then there is no possible harm that could be done to the dignity and safety of the State of Alabama through the issuance of a Preliminary Injunction by this Honorable Court. However, societal and individual concerns would benefit greatly.

Your Plaintiff has no other means of protecting his most revered and sacred rights if this Honorable Court does not intervene, and thus he humbly and respectfully requests this Honorable Court to find on his behalf and order issuance of a Preliminary Injunction pending the outcome of the proceedings initiated through the 1983 proceeding that this request is part and parcel of.

### RELIEF REQUESTED

WHEREFORE, for these reasons, Your Plaintiff asks this Honorable Court to order the Defendants Paul Whaley, Richard Allen, Troy King and the Director of the Alabama Department of Public Safety, their agents, employees, and all persons acting in concert,

directly or indirectly, or in agency with them to abstain or refrain from the application of the Act upon Your Plaintiff until the resolution of this action.

Respectfully submitted this 5th day of May, 2006.

_____
Michael R. Bush, Plaintiff

## CERTIFICATE OF SERVICE

I, Michael R. Bush, certify that I have served a true of the foregoing upon counsel for the Defendants on this 5th day of May, 2006, by placing the same in the United States Mail, postage prepaid and properly addressed as follows:

J. Matt Bledsoe
Office of the Attorney General
11 South Union Street
Montgomery, Alabama 36130-0152

_____
Michael R. Bush #149363
L.C.F. 12 Dorm
28779 Nick Davis Road
Harvest, Alabama 35749-7009

13