IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **MICHAEL R. BUSH, #149363** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| VS. ) | CASE NO.: 2:06-CV-292-MHT |
| ) | |
| **PAUL WHALEY, et al.** ) | |
| ) | |
| **Defendants.** ) | |

## <u>DEFENDANTS' SUPPLEMENTAL RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION, AND MOTION TO DISMISS</u>

COME NOW the Defendants, **Paul Whaley, Richard Allen, and Troy King,** by and through undersigned counsel, and in accordance with this Honorable Court's Order, supplement their response to Plaintiff's Motion for Preliminary Injunction, and in light of new evidence moves this Honorable Court to dismiss the above named defendants from this case and in support thereof offer as follows:

### EXHIBITS

EXHIBIT I – April 13, 2006 Affidavit of Paul Whaley II.

EXHIBIT II - May 17, 2006 Affidavit of Cynthia S. Dillard.

EXHIBIT III – Plaintiff's pending Petition for Writ of Certiorari.

EXHIBIT IV – ADOC Admin. Reg. No. 400, "Classification of Inmates"

### PLAINTIFF'S ALLEGATIONS

Plaintiff claims he is being classified as a sex offender for purposes of Alabama Department of Corrections ("ADOC") prisoner classification and for

the purposes of the Community Notification Act ("the Act"), Ala. Code. § 15-20-20 et seq., based on a *nolo contendre* plea that Plaintiff entered for a sexual offense that occurred in Florida in 1984 or 1992. Compare, Pl. Mot. Prelim. Inj. pp. 3-4 ("Bush has lived and maintained residence in Mobile County, Alabama before and after the plea of *nolo contendre* was entered some thirteen years ago, some four years before the Act came into existence.") with Pl. Mot. Prelim. Inj. p. 4. ("Your Petitioner before or after the 1984 allegation, has never been accused of any type [SIC] sexual misconduct or sexual deviate behavior.") Plaintiff was found guilty of attempted sexual battery in Escambia County, Florida on May 27, 1992. (Ex. III, Plaintiff's Exhibit 2 attached to Petition for Writ of Certiorari.) Plaintiff believes that when he is released from prison, he will be required to register as a sex offender.

The Plaintiff seeks a preliminary injunction. Specifically, Plaintiff asks this Honorable Court to issue an Order for the Defendants to "abstain or refrain from the application of the Act upon Your Plaintiff until the resolution of this action."

**STATEMENT OF NEWLY DISCOVERED FACTS**

In 1992 Plaintiff was arrested in Florida for charges of Sexual Assault and Battery on Child, Sex Offense Against Child Fondling, and Cocaine Possession. (Ex. I.) The charges were based on a warrant that was issued in 1984. (See Doc. 1) By the Plaintiff's own admission, the judge allowed the Plaintiff to plead *nolo contendre* due to the large gap in time between the issuance of the warrant and the actual arrest.(Doc. 1) Plaintiff pled *nolo contendre* to attempted sexual

2

assault and the judge found the Plaintiff guilty and placed him on eight (8) years probation. (Ex. I and Ex. III, Plaintiff's Exhibit 2 attached to Petition for Writ of Certiorari.)

Plaintiff was incarcerated at Limestone Correctional Facility in Harvest, Alabama on September 8, 2003. (Ex. 2 attached to Doc. 17) Paul Whaley classified the Plaintiff as a sex offender for the purposes of DOC classification based on interviews, tests, scoring instruments, and behavior records as well as official court documents and reports from police and other criminal justice agencies. (Ex. I.)

On April 21, 2006, Plaintiff submitted to Diane Wynn, an institutional parole officer, his parole plan that indicated where he would live and work upon his release from prison, should he be granted parole. (Ex. II.) That same day, April 21, 2006, Diane submitted Plaintiff's parole plan to the parole board. (Ex. II.) On April 26, 2006, Plaintiff was granted parole. (Ex. II.) After Plaintiff was granted parole, the Board of Pardons and Paroles ("the Board") forwarded Plaintiff's parole plan to the Mobile probation and parole office. (Ex. II.) The Mobile probation and parole office assigned Plaintiff's parole plan to a field officer who is currently investigating the parole plan in order to make a determination as to whether or not it complies with the Community Notification Act and Parole Regulations. (Ex. II.) Once the field officer makes a determination that Plaintiff's parole plan complies with the Community Notification Act and Parole Regulations, the Mobile probation and parole office will notify the Board. (Ex. II.) The Board will then notify the ADOC and the

Alabama Department of Public Safety that Plaintiff is going to be released, and that he has a sexual offense on his record. (Ex. II.)

### ARGUMENT

Plaintiff cannot obtain relief from preliminary injunction against Paul Whaley, Troy King or Richard Allen, because they are not responsible for notifying the ADPS for purposes of identifying Plaintiff as a sexual offender under the Act. The Board will notify the ADPS of the Plaintiff's prior sexual offenses after the investigation of his employment and work plan is completed by one of the Board's field agents. (Ex. II.) Once the ADPS receives notice from the Board of Plaintiff's anticipated release date, the ADPS will make a determination as to whether Plaintiff will be required to register as a sexual offender for purposes of the Act. Ala. Code. § 15-20-22(a)(1). If the Plaintiff desires to register as a sexual offender, the ADOC will facilitate the registration process. Ala. Code § 15-20-22(a)(3). If the plaintiff does not register as a sexual offender, he will not be eligible for parole, and therefore not be released. Ala. Code § 15-20-22(a)(1).

The Eleventh Circuit has set forth the standards the Plaintiff must satisfy in order for this Honorable Court to issue the requested preliminary injunction:

> "Plaintiffs have the burden to demonstrate that they are entitled to a preliminary injunction by showing (1) a substantial likelihood of success on the merits, (2) irreparable injury if the injunction were not granted, (3) that the threatened injury outweighs any harm an

>injunction may cause the defendant, and (4) that granting the injunction will not be adverse to the public interest."

Florida Ass'n of Professional Lobbyists, Inc. v. Division of Legislative Information Services of the Florida Office of Legislative Services, 2006 WL 1313255, *1 (11th Cir. 2006) (citing, Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc., 299 F.3d 1242, 1246-47 (11th Cir.2002)).

**I.     Irreparable injury to the Plaintiff will occur if this Honorable Court grants Plaintiff's Motion for Preliminary Injunction.**

Plaintiff will suffer harm if this Honorable Court grants the injunctive relief Plaintiff has requested. Specifically, the Plaintiff's Motion for Preliminary Injunction fails because the relief he seeks is not tailored to the complaints he makes. Plaintiff is paroled and is currently awaiting release from incarceration in Limestone Correctional Facility. (Ex. II.) Plaintiff should be aware that the Board is currently investigating the living and employment plan that he submitted to the Board on April 21, 2006. (Ex. II.) The Plaintiff must not be aware that the Board will notify the ADPS that Plaintiff is eligible for release based on parole should the Plaintiff's employment and living plans be approved. (Ex. II.) Once the ADPS is notified of the Plaintiff's anticipated release date, the ADPS will make a determination as to whether or not the Plaintiff is a sex offender as defined by the Act. Ala. Code § 15-20-38. It is likely that the Plaintiff will be considered as a sex offender because he pled *nolo contendre* to Attempted Sexual Assault in 1992. Ala. Code. § 15-20-21(1)

and (4)(m). Once the ADPS makes this determination, the Plaintiff must register as a sex offender with the ADPS before he is eligible for release. Ala. Code § 15-20-22(a)(1). An injunction prohibiting Richard Allen, Troy King, or Paul Whaley from facilitating the registration process would prevent the Plaintiff's early release from prison. If Plaintiff cannot be released from prison, then the Act does not apply to him. Therefore, an order from this Honorable Court enjoining the Defendants from facilitating the Plaintiff's registration under the Act would render the Plaintiff ineligible for parole and delay the Plaintiff's release from prison.

**II.   The Plaintiff does not have a reasonable chance of success on the merits against the Paul Whaley, Richard Allen, or Troy King.**

   **A.   Claims against Paul Whaley.**

None of the above mentioned Defendants "apply" the Act to the Plaintiff. Plaintiff's claims against Paul Whaley for classifying the Plaintiff as a sexual offender for the purposes of ADOC classification are moot because plaintiff has been granted parole and is due to be released.

Should this Honorable Court disagree that the case is moot, Paul Whaley is due to be dismissed from this case because Plaintiff has failed to state a claim upon which relief may be granted. Assuming that all of the Plaintiff's allegations are true, he still has no cause of action against Paul Whaley for classifying him as a sexual offender for the purposes of ADOC classifications, because Paul Whaley may rely on interviews, tests, scoring instruments, and behavior records as well as official court documents and reports from police and

other criminal justice agencies when he is classifying inmates. (Ex. IV.) Plaintiff claims that Paul Whaley relied on an erroneous pre-sentencing report when he classified the Plaintiff as a sex offender because the report did not indicate that the Plaintiff pled *nolo contendre* to the Attempted Sexual Battery charge. Paul Whaley classified the Plaintiff as a sexual offender for the purposes of the ADOC classification based on guilty verdict entered by the judge, not the plea. (Ex. I and Ex. III, Plaintiff's Exhibit 2 attached to Petition for Writ of Certiorari.) Therefore, Plaintiff has failed to establish any valid claim against Paul Whaley.

### B.    Claims against Richard Allen.

The Plaintiff has failed to state a claim upon which relief may be granted against Richard Allen, Commissioner of the ADOC. The Act does not refer in any way to the Commissioner of the ADOC. See Ala Code § 15-20-20 et seq. The ADOC is responsible for facilitating the Plaintiff's registration with the ADPS, prior to his release. However, the ADOC cannot force Plaintiff to register. The Plaintiff is eligible for parole if he registers as a sex offender. The Act states that "Any adult criminal sex offender in violation of this section shall be ineligible for release on probation or parole." Ala. Code § 15-20-22(a)(1). The ADOC merely facilitates the registration process between the Plaintiff and the ADPS. Therefore, the Plaintiff has no claim against Richard Allen.

### C.    Claims against Troy King.

Plaintiff has failed to state a claim against Attorney General Troy King upon which relief may be granted. To be successful in this action, the Plaintiff must show

7

that he "has sustained, or is in immediate danger of sustaining, a direct injury as the result of that act." National Viatical, Inc. v. Oxendine, 2006 WL 1071839, *5 (11th Cir. 2006) (citing National Advertising Co. v. City of Miami, 402 F.3d 1335, 1339 (11th Cir. 2005). If the Plaintiff refuses to register as a sex offender, he will not be eligible for parole. The Plaintiff cannot be released from prison prior to registering as a sex offender until he has served out his entire sentence. Until then, the Plaintiff cannot be in violation of the Act. Ala. Code §15-20-22. The Attorney General cannot prosecute the Plaintiff for a crime that he has yet to commit. Therefore, Plaintiff's claim against Attorney General Troy King is not ripe.

## MOTION TO DISMISS

Based on the forgoing arguments, and in light of the new evidence presented above, the above listed Defendants ask that they be dismissed from this case.

## CONCLUSION

For all of the foregoing reasons, Plaintiff's Motion for Preliminary Injunction is hereby due to be denied, and Defendants should be dismissed from this case.

    Respectfully submitted,
    TROY KING
    Attorney General


    /s/ *J. MATT BLEDSOE*
    J. MATT BLEDSOE (BLE006)
    Assistant Attorney General
    Counsel for Defendants

OF COUNSEL:

OFFICE OF THE ATTORNEY GENERAL
11 South Union Street
Montgomery, AL  36130
(334) 242-7443
(334) 242-2433 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that I have, this 22nd day of May, 2006, served a copy of the foregoing on the plaintiff, by placing same in the United States Mail, postage prepaid and properly addressed as follows:

Michael Bush, #149363
Limestone Correctional Facility
28779 Nick Davis Road
Harvest, AL  35749-7009

/s/ *J. MATT BLEDSOE*
OF COUNSEL