IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **MICHAEL R. BUSH, #149363** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| VS. ) | CASE NO.: 2:06-CV-292-MHT |
| ) | |
| **PAUL WHALEY, et al.** ) | |
| ) | |
| **Defendants.** ) | |

**RESPONSE TO MOTION FOR PRELIMINARY
INJUNCTION AND MOTION TO DISMISS**

COMES NOW Defendant W. M. Coppage Director of the Alabama Department of Public Safety, by and through undersigned counsel, and in accordance with this Honorable Court's Order:

Exhibit I – Affidavit of Cashana Seales

**PLAINTIFF'S ALLEGATIONS**

Plaintiff claims he is being classified as a sex offender based on a conviction for a sexual offense in 1984 or 1992 in Florida. Compare, Pl. Mot. Prelim. Inj. pp. 3-4 ("Bush has lived and maintained residence in Mobile County, Alabama before and after the plea of *nolo contendere* was entered some thirteen years ago, some four years before the Act came into existence.") with Pl. Mot. Prelim. Inj. P. 4. ("Your Petitioner before or after the 1984 allegation, has never been accused of any type [SIC] sexual misconduct or sexual deviate behavior.") Plaintiff claims that he pled *nolo contendere* to the charge and therefore should not be classified as a sex offender. Apparently, Plaintiff believes that when or if he gets out of prison, he will be required to register as a sex offender. Regardless, the Alabama Department of Corrections ("ADOC") classifies inmates by

security level and custody using interviews, tests, scoring instruments, and behavior records as well as official court documents and reports from police and other criminal justice agencies. (Exh. II.) An inmate's classification in prison does not have any bearing as to whether he will be classified as a sex offender by the Department of Public Safety when the prisoner is released.

The Plaintiff seeks a preliminary injunction. Specifically, Plaintiff asks this Honorable Court to issue an Order for the Defendants to "abstain or refrain from the application of the Act upon Your Plaintiff until the resolution of this action".[1]

### ARGUMENT

Plaintiff cannot obtain relief from preliminary injunction against Colonel W. M. Coppage as he is not responsible for identifying Plaintiff as a sexual offender under the Act. In this instance the Department of Public Safety would only be responsible for placing the Plaintiff on the statutorily mandated web site. The Board will notify the ADPS of the Plaintiff's prior sexual offenses after the investigation of his employment and work plan is completed by one of the Board's field agents. If the Plaintiff desires to register as a sexual offender, the ADOC will facilitate the registration process. Ala. Code § 15-20-22(a)(3). If the plaintiff does not register as a sexual offender, he will not be eligible for parole, and therefore not be released. Ala. Code § 15-20-22(a)(1).

The Eleventh Circuit has set forth the standards the Plaintiff must satisfy in order for this Honorable Court to issue the requested preliminary injunction:

> "Plaintiffs have the burden to demonstrate that they are entitled to a preliminary injunction by showing (1) a substantial likelihood of success on the merits, (2) irreparable injury if the injunction were not granted, (3) that

---

[1] As stated in Defendant Paul Whaley's "Defendants' Response to Plaintiff's Motion for Preliminary Injunction".

2

>the threatened injury outweighs any harm an injunction may cause the defendant, and (4) that granting the injunction will not be adverse to the public interest."

<u>Florida Ass'n of Professional Lobbyists, Inc. v. Division of Legislative Information Services of the Florida Office of Legislative Services</u>, 2006 WL 1313255, *1 (11th Cir. 2006) (<u>citing</u>, <u>Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc.</u>, 299 F.3d 1242, 1246-47 (11th Cir.2002)).

## CLAIMS AGAINST COLONEL W. M. COPPAGE

Plaintiff has failed to state a claim against Colonel W. M. Coppage Director of the Alabama Department of Public Safety upon which relief may be granted. To be successful in this action, the Plaintiff must show that he "has sustained, or is in immediate danger of sustaining, a direct injury as the result of that act." <u>National Viatical, Inc. v. Oxendine</u>, 2006 WL 1071839, *5 (11th Cir. 2006) (<u>citing</u> <u>National Advertising Co. v. City of Miami</u>, 402 F.3d 1335, 1339 (11th Cir. 2005)). If the Plaintiff refuses to register as a sex offender, he will not be eligible for parole. The Plaintiff cannot be released from prison prior to registering as a sex offender until he has served out his entire sentence. Until then, the Alabama Community Notification Act <u>Ala. Code</u> §15-20-22 cannot be applied to the Plaintiff so he would not be included on the web site unless and until he is released from incarceration. The Director of the Alabama Department of Public Safety has received no notice that the Plaintiff is about to be released from prison. (Exh. I.) Therefore, Plaintiff's claim against Colonel W. M. Coppage is not ripe.

## MOTION TO DISMISS

Based on the forgoing arguments, and in light of the argument presented above, the above listed Defendants ask that they be dismissed from this case.

## CONCLUSION

For all of the foregoing reasons, Plaintiff's Motion for Preliminary Injunction is hereby due to be denied, and Defendants should be dismissed from this case.

Respectfully submitted,

/s Michael W. Robinson
Michael W. Robinson
ASB-1170-I71M
Attorney for Department of Public Safety
P.O. Box 1511
Montgomery, Alabama 36102-1511
(334) 242-4392
(334) 242-0894 Fax
mrobinson@dps.state.al.us

## CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jason Matthew Bledsoe

Staff Attorneys

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant:

Michael R. Bush
AIS# 149363
Limestone Correctional Facility
28779 Nick Davis Road
Harvest, Alabama 35749-7109

s/ Michael W. Robinson