IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL R. BUSH, ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | CIVIL ACTION No. |
| ) | |
| PAUL WHALEY, et. al., ) | **2:06-CV-292-MHT-SRW** |
| Respondents. ) | |

## AMENDMENT TO PLAINTIFF'S REQUEST FOR EMERGENCY ORDER OF PRELIMINARYY INJUNCTION

....WHEREAS, there has been further developments in regard to the issues underlying the request for an emergency preliminary injunction, Your Plaintiff moves the Court to accept and consider the following motion and attached affidavit in consideration thereof:

**1.** On the evening of May 25, 2006, Your Plaintiff was again summoned to the Receiving Unit of Limestone Correctional Facility and informed that his residence in Mobile, Alabama, where he has lived for the past 35 years, is not a proper address for his residence under the provisions of the Community Notification Act (The Act).

**2.** It is Your Plaintiff contention that the Defendants are intentionally being noncompliant to this Honorable Court's Orders to gain a tactical advantage and to avoid any determination and hearing of his requested preliminary injunction. He argues that the Alabama Department of Public Safety ("DPS") has had knowledge of this action for

1

two and one half years in the State court action. Mr. Bledsoe works for Alabama Attorney General's Office, not as general counsel for the Department of Corrections. There can be no claim of lack of knowledge or prejudice that the DPS has not received sufficient notice and opportunity to respond that would warrant any further delays. The delay is intentional and they act as if this Court has no jurisdiction or authority to take action to stay enforcement.

**3.** The answer to the preliminary injunction was originally ordered due by this Honorable Court by April 28, 2006. The Attorney General knew of the deadline and the parties who were to respond; yet they chose to file a strategic and singular answer. The motive behind the delay is now coming to fruition in the form of subjecting Your Plaintiff to the Act and likely causing the revocation of his parole and having him charged with a Class C felony within days.

**4.** The application of the Act upon Your Plaintiff is manifesting immediate and irreversible harm. While counsel has submitted a pleading, he has in no way shown under what authority he acts that would allow him or any other agency to ignore settled precedent concerning Alabama's position that a *nolo contendere* plea is not a conviction for any purpose. See <u>Harrison v Jones</u>, 880 F.2d 1279 (11th Cir.1989) ("Since at least 1954, convictions based on pleas of *nolo contendere* have not been admissible in criminal [or civil] prosecutions in Alabama for any purpose."). This, coupled with the DPS's

nonresponsiveness, and the present irreversible, immediate and irreparable harm, warrant immediate emergency relief.

## RELIEF REQUESTED

WHEREFORE, for these reasons, Your Plaintiff asks this Honorable Court to issue an emergency order, ordering the Defendants Paul Whaley, Richard Allen, Troy King and the Director of the Alabama Department of Public Safety, their agents, employees, and all persons acting in concert, directly or indirectly, or in agency with them to abstain or refrain from the application of the Act upon Your Plaintiff until the resolution of this action.

## CONCLUSION

The prejudice is actual and mature; the very harm Your Plaintiff has pleaded in the State action and to this Honorable Court is at hand. The harm cannot be undone; it is irrevocable. Your Plaintiff begs this Honorable Court's immediate intervention to protect him from the arbitrary and capricious acts of the Defendants.

The Defendants' actions over the past two and one half years and at present demonstrate an unwillingness to comply with either the State Court's orders to plead or with this Honorable Court's directives.  Your Plaintiff's position before the law and under the law is firm; his right to present that position has been thwarted by deceptive means with intent to evade.  This Honorable Court can bring the State's conduct to a halt

and give Your Plaintiff what every citizen should enjoy; the right to heard at a meaningful time and in a meaningful manner.

Respectfully submitted this 25th day of May, 2006.

_/s/ Michael R. Bush_
Michael R. Bush, Plaintiff

## CERTIFICATE OF SERVICE

I, Michael R. Bush, certify that I have served a true copy of the foregoing upon counsel for the Defendants on this 25th day of May, 2006, by placing the same in the hands of prison officials to be mailed via the United States Mail, postage prepaid and properly addressed as follows:

J. Matt Bledsoe
Office of the Attorney General
11 South Union Street
Montgomery, Alabama 36130-0152


_/s/ Michael R. Bush_
Michael R. Bush  #149363
L.C.F.  12 Dorm
28779 Nick Davis Road
Harvest, Alabama 35749-7009