IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL R. BUSH, | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | CIVIL ACTION No. |
| | ) | |
| PAUL WHALEY, et. al., | ) | 2:06-CV-292-MHT-SRW |
| Respondents. | ) | |

## REQUEST FOR EMERGENCY ORDER
## OF PRELIMINARY INJUNCTION

....WHEREAS, on May 24, 2006, Plaintiff was summoned to the Receiving Unit of Limestone Correctional Facility and informed that he must immediately verify his intended residence, submit figure prints and sign the required documents for the implementation of the Alabama Community Notification Act ("the Act"). If he did not, a warrant will issue for a violation of the Act, a Class C felony. See attached affidavit.

Your Plaintiff avers that the Defendants are by their actions, circumventing and thwarting this Honorable Court's sacred and unmatched judicial authority and jurisdiction over the pending action and motion for preliminary injunction. The Defendants are being less than honest and utterly disingenuous in both their pleadings and actions. In support, Your Plaintiff presents and shows as follows:

1. This Honorable Court "ORDERED that on or before April 28, 2006 the defendants shall show cause why [the] motion should not be granted." See Order, Doc. 7-

1

1. This Honorable Court's Order was specific wherein it named the parties to be served and that were to provide answers. See Order, Doc. 7-1. ("General Counsel for the Alabama Department of Corrections ["ADOC"], the Attorney General for the State of Alabama, and General Counsel for the Alabama Department of Public Safety ["DPS"].").

2. A timely answer was filed. However, that answer was limited only to the ADOC's assertions and positions. Although ordered to do so, no other party responded. This strategic singular answer has allowed the DPS an enlargement of time to file their show cause answer without formally motioning this Honorable Court. Thus, as Your Plaintiff stated in his rebuttal, the singular answer allowed the Defendants to applying the Act through deceit and trickery. See Pl. 5/10/06 Rebuttal at pp.7-10, ¶¶ 6-11. The ADOC and DPS are working in concert to apply the Act without pleading and before this Honorable Court hears arguments on the pending motion for injunctive relief.

3. The very harm Your Plaintiff sought to avoid *will* come to pass on or before May 29, 2006 (likely before this motion is received). The pertinent provision of law that is occurring at the present is states that:

> "(a) Within five business days after the responsible agency provides notice of a release or intent to transfer residence of any adult criminal sex offender, the following procedures shall apply:
>
> "(1) In the cities of Birmingham, *Mobile*, Huntsville, and Montgomery, the Chief of Police shall notify all persons who have a legal residence within 1,000 feet of the declared residence of the adult criminal sex offender and all schools and child care facilities within three miles of the declared residence of the adult criminal sex offender that the criminal sex offender will be establishing his or her residence."

§15-20-25, <u>Ala.Code</u> (1975) (emphasis added).

4. The Defendants know the law well and obviously they know how to use it to their advantage. This is evident by looking at the DPS's failure to timely plead in the first instance (avoided a filing a timely answer, thereby, avoiding a ruling by this Honorable Court). The Defendants actions are denying Your Plaintiff due process just as they have continued to do for two and half years in the state court action.

5. Your Plaintiff was denied access by ADOC officials to the information and statements in the package for community notification. Thus, it is unknown, if any of the information and statements are based upon facts or speculation. Unarguably the facts regarding the allegation and the plea entered are in dispute. The ADOC has been disingenuous in its pleadings. <u>See</u> Pl. Motion to Strike 5/10/06. Thus, there is likelihood that the information that is being placed in the Community Notification Flyer is erroneous, thus, further prejudicing Your Plaintiff.

## **RELIEF REQUESTED**

WHEREFORE, for these reasons, Your Plaintiff asks this Honorable Court to issue an emergency order, ordering the Defendants Paul Whaley, Richard Allen, Troy King and the Director of the Alabama Department of Public Safety, their agents, employees, and all persons acting in concert, directly or indirectly, or in agency with them to abstain or refrain from the application of the Act upon Your Plaintiff until the resolution of this action.

## CONCLUSION

Your Plaintiff is not an attorney, nor is he versed in the science of law. What Your Plaintiff comes armed with is what our Forefathers guaranteed, protection via our sacred Constitution. Your Plaintiff begs of this Honorable Court to simply look at the facts: 1) the conduct of the Defendants over the past two and a half years; 2) the near quarter century since the allegation; 3) the eight year delay before serving the warrant; 4) the 14 years since the plea was entered; and 5) Alabama's long-standing doctrine regarding pleas of *nolo contendere*. Your Defendant should not be subject to criminal sanctions and forfeiture of his Constitutional rights because the State has enacted a new law and decided to apply it retroactively a decade after its enactment. This Honorable Court has jurisdiction and authority over this cause and can suspend enforcement pending a decision on the merits. It is obvious by the Defendants' deception that they are seeking to avoid the might of this Honorable Court's intervention.

Your Plaintiff begs of this Honorable Court's assert its unmatched might and authority over the Defendants and their actions by issuing and emergency order estopping them from any further action regarding community notification.

Respectfully submitted this 24th day of May, 2006.

_____
Michael R. Bush, Plaintiff

## CERTIFICATE OF SERVICE

I, Michael R. Bush, certify that I have served a true of the foregoing upon counsel for the Defendants on this 24th day of May, 2006, by placing the same in the hands of prison officials to be mailed via the United States Mail, postage prepaid and properly addressed as follows:

J. Matt Bledsoe
Office of the Attorney General
11 South Union Street
Montgomery, Alabama 36130-0152


_____
Michael R. Bush  #149363
L.C.F. 12 Dorm
28779 Nick Davis Road
Harvest, Alabama 35749-7009

# AFFIDAVIT OF MICHAEL RUSSELL BUSH

STATE OF ALABAMA    )
COUNTY OF LIMESTONE )

Before the undersigned authority, a NOTARY PUBLIC, in and for said county and State personally appears Michael Russell Bush, who after first being duly sworn deposes and says as follows:

I am over the age or 21 years and competent to make this affidavit. The information herein is based on personal knowledge.

On May 24, 2006, I was ordered by an ADOC officer to report immediately to the Receiving Unit ("Receiving"). Upon arriving at Receiving I was informed by COI Stringer that because I am being released on parole I was required to register under the Alabama Community Notification Act ("the Act"). COI Stringer stated that I was required to submit fingerprints; verify my address and other vital information.

I attempted to explain to Officer Stringer that that this matter is currently pending in the United States Federal Court and that the Court was awaiting pleadings to rule on a preliminary injunction. He stated that it was not his problem and that his orders came directly from Lisa Harris, an ADOC official. He stated that this was done via an e-mail received on May 23, 2006.

I was further informed by COI Stringer that if I did not submit to fingerprints, verify my address and other vital information that a warrant would signed against me for failing to register, a Class C felony. He further stated that any failure would result in the

i

revocation of my parole. I submitted the information out of fear that I would be prosecuted and my parole revoked.

I was fingerprinted, verified my address and other information as I was ordered. After doing so I requested copies of the documents I signed which included a copy of the law I am being placed under. COI Stringer stated that he was not allowed to give me copies. I questioned this because it included the laws and what I am supposed to do when released. I also wanted to insure that the information was factual because all the information submitted by the ADOC thus far has been false and erroneous. I contested not being given copies, but fearing disciplinary action, I left. I still do not know what is in the package or exactly what is required of me.

SWORN TO AND SUBSCRIBED THIS 24th DAY OF MAY, 2006.

_____
NOTARY PUBLIC

_____
MICHAEL R. BUSH, AFFIANT

COMMISSION EXPIRES 9-26-07

ii