IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2006 JUN -1 A 9:15

| | | |
|---|---|---|
| MICHAEL R. BUSH, | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | CIVIL ACTION No. |
| | ) | |
| PAUL WHALEY, et. al., | ) | **2:06-CV-292-MHT-SRW** |
| Respondents. | ) | |

### PLAINTIFF'S REBUTAL TO DEFENDANTS' SUPPLEMENTAL RESPONSE TO PRELIMINARY INJUNCTION AND AMENDMENT TO RELIEF REQUESTED

**COMES NOW** Your Plaintiff and respectfully offers his rebuttal to the Defendants' Supplemental Response to this Honorable Court. In support thereof, Your Plaintiff submits and shows as follows:

### EXHIBITS

EXHIBIT 1 – AFFIDAVIT OF MICHAEL R. BUSH, PLAINTIFF

EXHIBIT 2 – LETTER TO MELISSA OLSON AND RESPONSE

EXHIBIT 3 – LETTER TO PAUL WHALEY

EXHIBIT 4 – RESPONSE RECEIVED FROM CAROLYN A. GOLSON

EXHIBIT 5 – LETTER TO MELISSA OLSON

EXHIBIT 6 – CLASSIFICATION APPEAL FORM

EXHIBIT 7 – OPINION OF THE ATTORNEY GENERAL OF ALABAMA

1

## DEFENDANTS' ALLEGATION AND STATEMENTS

Defendants' supplemental response is not as ordered by this Honorable Court. The Defendants have chosen to be insubordinate of this Honorable Court's Order to address a specific assertion of Your Plaintiff's classification. (See Doc. 15). Moreover, Defendants advance their insubordinate actions by offering a motion to dismiss. (See Doc. 8. p.2, ¶4) ("No motion for summary judgment, *motion to dismiss* or any other dispositive motions addressed to the complaint be filed by any party without permission of the court.").

Defendants suggest that they offer *newly discovered evidence*. (See Dfnd. Supp. Rsp. pp.2). ("Plaintiff was arrested in Florida on charges of Sexual Battery and Battery on Child, Sex Offense Against Child Fondling, and Cocaine Possession." "The charges were based on a warrant that was issued in 1984."). This is merely a recitation of Your Plaintiff's complaint and the erroneous Presentence Investigation Report ("PSI") that is in contention. No new facts are presented here.

Defendants further offer what they suggest is *newly discovered evidence*. (See Dfnd. Supp. Rsp. pp.3). ("On April 26, 2006, Plaintiff was granted parole"). In addition, Defendants offer an exhaustive description of the process of interviewing Your Plaintiff and the procedures used for approval of his home - job plan. The procedures described are normal procedural mechanisms and do not constitute *newly discovered evidence*. This Honorable Court was previously aware, as were the Defendants, that Your Plaintiff has

2

been granted parole. (See Doc. 22). Your Plaintiff avers that this again shows willful and intentional delays by presenting frivolous and bad faith pleadings.

Defendants plead a threat of revoking or rescinding Your Plaintiff's parole if this Honorable Court asserts its judicial authority and issues its Plaintiff's request for injunctive relief. (See Dfnd. Supp. Rsp. pp.5-6). ("Plaintiff will suffer harm if this Honorable Court grants the injunctive relief Plaintiff has requested." "An injunction prohibiting Richard Allen, Troy King, or Paul Whaley from facilitating the registration process would prevent the Plaintiff's early release from prison." "[A]n order from this Honorable Court enjoining the Defendants from facilitating the Plaintiff's registration under the Act would render the Plaintiff ineligible for parole"). Yes, Your Plaintiff will suffer harm if the long-arm of the State reaches out and revokes or rescinds his parole.

## ARGUMENT

Your Plaintiff would argue that the Defendants, by and through counsel, are mutinous of the Honorable Court's Orders "[to] file a supplement to their response which addresses the plaintiff's assertion that their determination was based solely upon a [PSI] that was later proven to be erroneous an inaccurate by the ADOC's own admission' that 'the plea was not a plea of guilty [to a sexual offense] (as stated before), but was a result of a plea of *nolo contendere.*'" (See Doc. 15). And, "**NO** motion for summary judgment, *motion to dismiss* or any other dispositive motions addressed to the complaint

be filed by any party without permission of the court." (See Doc. 8, p.2. ¶4) (emphasis added). The contemptuousness and defiance warrant the severest of sanction.

Aside from their insubordinate pleading, Defendants, under no uncertain terms, threaten revocation or rescinding Your Plaintiff's parole if he continues to assert his First Amendment right "to petition the Government for a redress of grievances" and his Fifth and Fourteenth Amendment rights not to be "deprived of life, liberty, or property, without due process of law." Your Plaintiff does not take theses threats lightly, nor, as he suggests, should this Honorable Court.

This Honorable Court's jurisdiction and authority is that of supremacy. The Defendants suggests that if this Honorable Court exercises its unrivaled authority by issuing the requested injunctive relief that they will simply retaliate and usurp that by revoking or rescinding his parole. This is undeniably a contemptuous and disdainful statement to an Honorable Court of such supremacy. Your Plaintiff respectfully begs of this Honorable Court's protection from such arbitrary and capricious actions.

The Defendants' arguments, assertions and threats must fail. Your Plaintiff respectfully presents to this Honorable Court the following in support:

    a. Defendants have not complied with this Honorable Court's Order to file a supplemental response addressing the assertions made by Your Plaintiff. (See Doc. 15).

    b. Defendants are intentionally withheld pertinent documents from this Honorable Court and offers others that are know to be disingenuous.

4

      **c.** Defendants are flouting this Honorable Court's lawful Order that they are to file "**NO** motion for summary judgment, *motion to dismiss* or any other dispositive motions." ( See Doc. 8, p.2. ¶4) (emphasis added).

**a.** *Defendants have not complied with this Honorable Court's Order to file a supplemental response addressing assertions made by Your Plaintiff.*

    This Honorable Court, *ex mero motu*, Ordered the "defendants [to] file a supplement to their response which addresses the plaintiff's assertion that their determination was based solely upon a [PSI] that was later proven to be erroneous an inaccurate by the ADOC's own admission' that 'the plea was not a plea of guilty [to a sexual offense] (as stated before), but was a result of a plea of *nolo contendere.*'" (See Doc. 15). Defendants' professed supplemental response is insubordinate of this Honorable Court's straightforward directive, thus warranting sanctions.

    Defendants' supplemental response is not such. It is in fact and in form a "Motion to Dismiss;" as it is titled. This Honorable Court's Order was not ambiguous. In fact, it was quite simple. All the Defendants were directed to do was provide this Honorable Court with documents that would prove, or at least plead, that Whaley relied upon something more than the erroneous PSI. Defendants obviously cannot perform this uncomplicated task because the erroneous PSI is all Whaley relied upon (argued further herein). Defendants are merely avoiding having to pleading the matter, moreover, avoiding any hearing on the merits, which would undoubtedly prove that Whaley relied solely upon a PSI that is erroneous. The pleading offered is an attempt to delay the proceedings; averting the issue to be addressed.

    Defendants cannot prove what cannot be proven. The facts are the facts and Defendants offer none. Defendants' only replicate their prior pleading that Your Plaintiff's classification as a sex offender was by "using interviews, tests, scoring instruments, and behavior records as well as official court documents and reports from police and other criminal justice agencies." (See Defendants' Response Prelim. Inj. p.3);

5

(Compare Defendants' Supp. Rspn. Prelim. Inj. p.3).  Aside from Defendants' statement of *"newly discovered evidence"*, he offers **no** *"newly discovered"* transcripts of interviews, tests, scoring instruments, or behavior records as he stated were utilized.  Nor have the Defendants produced *"newly discovered"* court documents, reports from police and other criminal justice agencies.  In fact, the only new document attached is an affidavit of Cynthia Dillard.  This affidavit simple affirms Your Plaintiff's parole is granted and he awaits release, which this Honorable Court is aware of. The affidavit offers proof of nothing else.

Defendants only other statement directly relating to this Honorable Court's directive is that Whaley "classified the Plaintiff as a sexual offender ... based on a guilty verdict entered by the judge, not the plea." (See Dfnd. Supp. Resp. 5/22/06, at p.7).[1]  No new arguments or exhibits were submitted.

The Defendants have resubmitted the same exhibits as presented in their last response to Your Plaintiff's request for preliminary injunction. (See Dfnd. Supp. Resp., Ex. I, A-D, IV) (Compare Dnfd. Rspn. Prelim. Inj., Ex. I, A-D, II).  The Defendants attached exhibits, they say; were all a part of Your Plaintiff's classification as a sex offender. These exhibits and arguments must fail.

b.  *Defendants have intentionally withheld pertinent documents and from this Honorable Court and offers others that are know to be disingenuous.*

Defendants continue to offer disingenuous, misleading pleadings and have intentionally withheld documents that are pertinent to this Honorable Court's Order. Defendants have repeatedly stated that Your Plaintiff's classification was by "using interviews, tests, scoring instruments, and behavior records as well as official court documents and reports from police and other criminal justice agencies." (See

---

[1] These two sentences, out of eight pages, are the reference to this Honorable Court's Order. The entire pleading is a motion to dismiss that threatens to revoke or rescind Your Plaintiff and is rebellious of this Court Order (argued further herein).

6

Defendants' Response Prelim. Inj. p.3.); (Compare Defendants' Supp. Rspn. Prelim. Inj. p.3.). If this were an ingenuous statement then why have the Defendants and counsel withheld numerous letters, responses and formal appeals filed by Your Plaintiff? (See Ex. 2, 4, 5, 6 respectively) ("That is what it says on the PSI[.] I do not make up this information[,] I use what is in the file[.]"); ("We [ADOC] do not have the authority to remove any information from your file."); ("Write Mr. Whaley and take this matter up with him."); and most importantly (*"Classification is based on information from the PSI, which indicates that you were guilty of Sexual Battery 2nd, 5/27/92 ... . This is not an appealable issue" "cc: Inmate – Inmate Central File – Inmate Institutional File"*). Unarguably, Your Plaintiff's "[c]lassification is based on information from the PSI", yet Defendants and counsel have withheld this pertinent documentation.

Defendants' position is that Your Plaintiff's classification as a sex offender was done on "September 8, 2004." (See Dfnd Supp. Resp. 5/22/06, at p.3). This is disingenuous and misleading; Your Plaintiff was classified as a sex offender for ADOC internal classification and purposes of the Act in mid August of 2003, not September of 2004. (See Ex. I). The only document in the ADOC's possession at that time was the erroneous PSI. This is self-evident.

When presenting their argument and attachments to this Honorable Court the Defendants obviously did not fully investigated the events and dates as they relate. As stated, Your Plaintiff was classified as a sex offender in mid August of 2003. Your Plaintiff classification, as indicated on his 2004 annual progress review form states: "Prior sex offense from Florida 1992-he pled guilty sexual battery II." (See Dfnd. Ex. I-B).[2] Undeniably, this parrots the language of the PSI. (See Dfnd, Ex. I-D) ("Pled guilty to Sexual Battery 2nd Degree); (Compare Dfnd. Ex. I-C) ("Pled guilty to Sexual Battery 2nd Degree).[3] Defendants also refer to "Exhibit I-A." While this document seems to have no

---

[2] This annual progress review was performed after being confined in the AFOC for one year.
[3] This, "page 3 of 4", is of unknown origin, but seems to be excerpts from yet another erroneous PSI.

7

relation to the erroneous PSI, Defendants ask this Honorable Court to accept it as evidence and documentation that Whaley relied upon when he classified Your Plaintiff as a sex offender. **NO**, this document clearly states, "DATE REQUESTED – 11/16/04." (See Dfnd. Ex. I-A). This was requested fifteen months subsequent to Your Plaintiff being classified as a sex offender. How then was it used for his classification? The fact is it was not. This document has obviously been presented in bad-faith.

It should be noted counsel seems to infer that Whaley knew about the exhibit attached to Your Plaintiff's writ of certiorari; Whaley knew nothing about this document. (See Dfnd Supp. Rsp. Ex. III, Ex.2). Whaley's first knowledge of this *official court document* was when served a summons and the writ of certiorari on February 24, 2004. Your Plaintiff's mother obtained this document when she traveled to Pensacola, Florida in order to obtain court documents to prove the PSI was erroneous. Here again, this document shows the date obtained as "9/24/03." (See Dfnd Supp. Rsp. Ex. III, Ex.2). Thus, it was not available to Whaley at the time Your Plaintiff's was classified as a sex offender.

c. *Defendants are flouting this Honorable Court's lawful Order that they are to file "**NO** motion for summary judgment, motion to dismiss or any other dispositive motions addressed to the complaint be filed by any party without permission of the court.*

Your Plaintiff avers that counsel's "Motion to Dismiss" is mutinous of this Honorable Court's straightforward Order that "**NO** motion for summary judgment, *motion to dismiss* or any other dispositive motions addressed to the complaint be filed by any party without permission of the court. If any pleading denominated as a motion for summary judgment, motion to dismiss or other dispositive motion is sent to the court, the court shall not file or otherwise treat the pleading as a dispositive motion until and unless

8

further order of the court." (See Doc. 8, p.2. ¶4) (emphasis added). This, combined with other apparent delays, disingenuous, misleading pleadings and withholding of pertinent documents warrant the severest of sanctions.

It would seem that a person in counsel's position as an assistant attorney general would be more respectful and compliant with the orders of this Honorable Court. "[P]ublic interest requires not only that Court orders be obeyed but further that Governmental agencies which are charged with the enforcement of laws should set the example of compliance with Court orders." Perry v. Golub, 74 F.R.D. 360, 366 (N.D.Ala.1976). Here, counsel has not set an example that promotes ideals of integrity and ethics of one in his position as an assistant attorney general. Counsel was Ordered by the Honorable Court to do one simple task; he failed to do so. Counsel has willingly and intentionally defied this Honorable Court's lawful Orders twice. First, he failed to address Your Plaintiff's assertion as directed (argued above). Secondly, he rebelled against this Honorable Court by filing a motion to dismiss when explicitly ordered not to do so.

Counsel is asking that Whaley, Allen and King be dismissed from this suit. Why should Whaley, Allen or King be dismissed when they continually delayed the proceedings, defied lawful court orders to plead to a specific allegation and filed a motion to dismiss when this Honorable Court specifically said NO such motion shall be filed? Why should any of the parties be dismissed when the evidence clearly shows they

have denied Your Plaintiff due process in his classification? Moreover, it should be recognized that King is the Attorney General of Alabama who is responsible for those under his authority. Namely General Counsel for the Alabama Department of Public Safety whom has also failed to comply with this Honorable Court's Orders. If court orders are binding upon all under the jurisdiction and authority of the court, should not persons in positions of authority, as the Defendants, lead by example? Neither of the parties whom request dismissal is above this Honorable Court's supreme authority and jurisdiction.

## AMENDED RELIEF REQUESTED

WHEREFORE, for reasons set forth herein, Your Plaintiff respectfully prays this Honorable Court to protect its Plaintiff by issuing a preliminary injunction:

a). forbidding the revocation or rescinding of his parole ; and

b). order the Defendants Paul Whaley, Richard Allen, Troy King and the Director of the Alabama Department of Public Safety, their agents, employees, and all persons acting in concert, directly or indirectly, or in agency with them to abstain or refrain from the application of the Act upon Your Plaintiff until the resolution of this action; thereafter

c). set the cause for an expedited hearing if this Honorable Court deems it appropriate; and

d). any other and further relief this Honorable Court deems necessary to protect the rights of its Plaintiff.

## **CONCLUSION**

As this Honorable Court is aware its Plaintiff has been granted parole and is awaiting release. The Defendants' threats make clear that they will revoke or rescind Your Plaintiff's parole if this Honorable Court attempts to protect its Plaintiff; this Honorable Court's supreme authority can protect him from this harm as well. Undeniably, Your Plaintiff will suffer harm if this Honorable Court does not issue the injunction as requested.

The Defendants and counsel are under "a duty to refrain from affirmatively misleading the court [by withholding pertinent documents, information and] as to the state of the law." They [are] not relieved of this duty by the possibility that opposing [party] might find [the documents or information] and cite the controlling precedent, particularly where, as here, a temporary restraining order might have been issued ex parte. *Jorgenson v. County of Volusia*, 846 F.2d 1350, 1352 (11th Cir. 1988). A similar issue has been addressed by the Alabama Attorney General's Office prior to the present. That opinion plainly states that "[p]ersons who plead nolo contendere in other jurisdictions *are not* subject to the Community Notification Act." (See Ex. 7) (emphasis added). This same opinion has been presented in the State court action, thus, the Defendants and counsel are aware it exists. Again, the Defendants and counsel are delaying the proceedings by offering disingenuous, misleading pleadings and have intentionally

withheld documents that are pertinent to this Honorable Court's Order. Your Plaintiff begs for this Honorable Court protection by way of the requested injunctive relief.

Pursuant to 28 U.S.C. §1746, I Michael R. Bush, declare and certify under the penalty of perjury under the laws of the United States that the foregoing is true and correct. **Executed** on this **29**th day of **May, 2006.**

_____
Michael R. Bush, Plaintiff

## CERTIFICATE OF SERVICE

I, Michael R. Bush, certify that I have served a true copy of the foregoing upon counsel for the Defendants on this 30th day of May, 2006, by placing the same in the hands of prison officials to be mailed via the United States Mail, postage prepaid and properly addressed as follows:

J. Matt Bledsoe
Office of the Attorney General
11 South Union Street
Montgomery, Alabama 36130-0152


_____
Michael R. Bush #149363
L.C.F. 12 - Dorm
28779 Nick Davis Road
Harvest, Alabama 35749-7009

12