# AFFIDAVIT OF MICHAEL RUSSELL BUSH

I, Michael Russell Bush, pursuant to 28 U.S.C. §1746, do hereby swear, declare and certify under the penalty of perjury under the laws of the United States that the foregoing is true and correct.

I am over the age or 21 years and competent to make this affidavit. The information herein is based on personal knowledge.

In mid August of 2003, I arrived at Kilby Correctional Facility. The classification worker that performed my initial classification questioned me about a 1992 plea of guilty plea to sexual battery. I explained that I did not pled guilty, but *nolo contendere* and the charge was not sexual battery, but attempted sexual battery. The classification worker showed me a copy of a PSI that indicated I pled guilty to sexual battery. I contested the validity of the PSI. She said that she would contact Central Records and notify me of the decision.

A few days later, I was called back to the classification department. At that time, she told me that she received an e-mail from Central Records ordering me classified as a convicted sex offender and that it was determined that I would be required to register under the "Megan's Law" when released from prison. I questioned who ordered my classification as sex offender and reiterated to her that the PSI is wrong. The classification worker said the e-mail was from the ADOC Classification Division, Paul Whaley. She said that the PSI is valid. I contested and tried to explain that she could call the court in Pensacola, Florida and verify that the PSI is incorrect. She said that the decision is final; the PSI is correct and that I have no say so in the matter to leave her office immediately.

**EXHIBIT 1**

On September 9, 2003, I was transferred to Limestone Correctional Facility. Upon arrival, I met with my Classification Worker, Dan Halcomb. I spoke with him about the PSI being erroneous. I explained in detail the events leading to the plea of *nolo contendere* and the actual charge. Mr. Halcomb said he would review my file and check into my allegations.

Mr. Halcomb later called for me and explained that the only information available was the PSI. At that time, I showed him the copy of the court order from Florida. (See Dfnd Supp. Rsp. Ex. III, Ex. 2). He agreed that if the document was correct then my classification was wrong because it was based upon the PSI. I asked Mr. Halcomb if he was aware that under Alabama law, the plea of *nolo contendere* is not considered a conviction. He agreed, but said there was nothing he could do, if Central Records had decided the PSI is correct he could not change that. Mr. Halcomb would later forward, via inmate mail, a copy of the PSI for my records. Mr. Halcomb refused to answer any requests filed after this.

On or about December 19. 2003, I spoke with Warden David Wise about the erroneous PSI. Warden Wise reviewed the Florida Court document and agreed that the plea of *nolo contendere* is not considered guilt in the State of Alabama. In question him about the PSI, but was told that he did not have the authority to change my classification or remove the PSI from my files. I suggested that I proceed in the courts.

In the latter part of December of 2003, I filed a petition for writ of certiorari in the Circuit Court of Montgomery County, Alabama. (See Dfnd Supp. Rsp. Ex. III). The Defendants were Paul Whaley, previous Prison Commissioner Donal Campbell, previous Attorney General Bill Pryor and the Director of the Alabama Department of Public Safety. (See Dfnd Supp. Rsp. Ex. III). To date, no party has answered any allegation and has defied court ordered discovery and interrogatories. (See Pl. Rbtl. to Dfnd. Rspn. Prlim. Inj., Ex. 2).

ii

On September 9, 2004, I was scheduled for my annual progress review at Limestone Correctional Facility with Classification Worker, Melissa Olson. During that interview I noticed that my annual progress review form stated: "Prior sex offense from Florida 1992-he plead guilty to sexual battery II." (See Dfnd. Supp. Rspn. Ex. I-B). I contested this and showed Ms. Olson the Florida court document proving the PSI erroneous. Ms. Olson informed me the information in the PSI is all she has; therefore, it will be utilized. (See Ex. 3 & 4).

On October 18, 2004, I wrote Melissa Olson and Paul Whaley objecting to the use of the erroneous PSI to classify me as a sex offender. (See Ex. 2 & 3). Melissa Olson responded on 10/19/04 by stating: "That is what it says on the PSI[.] I do not make up this information[,] I use the information that is in the file." (See Ex. 3). Whaley never responded, but responded through his assistant Carolyn A. Golson, Assistant Director of Classification. (See Ex. 4). Golson simple stated that "we [ADOC] do not have the authority to remove any information form your file." (See Ex. 4).

On January 24, 2005, I filed an amendment to my writ of certiorari. Included therein I argued that the PSI Paul Whaley relied upon to classify me contains false and erroneous information. (See Pl. Rbtl. to Dfnd. Rspn. Prlim. Inj., Ex. 2, p.4). Whaley refused to answer the allegation.

On March 16, 2005, I filed a "Classification Appeal Form" because my semi-annual progress review was still based upon a PSI that is erroneous. (See Ex. 5). I sent one to Melissa Olson and one to Paul Whaley. Melissa Olson responded by stating: "Classification is based on information from the PSI[.] ... This is not an appealable issue." (See Ex. 5). Paul Whaley refused to respond to my appeal.

On September 9, 2005, I was scheduled for another annual progress review. Ms. Olson informed me that my progress review form has changed from the previous because of a more thorough review. (See Pl. Rbtl. to Dfnd. Rspn. Prlim. Inj., Ex. 6). She said it will now reflect that I did plead *"NO CONTEST"*, but I would remain classified as

a sex offender and that the ADOC will still require me to register under the provision of the Alabama Community Notification Act upon my release. I questioned why and who made the change, but she offered no answer.

Because there is no Notary Public available at the time of mailing: I, Michael R. Bush, pursuant to 28 U.S.C. §1746, declare and certify under the penalty of perjury under the laws of the United States that the foregoing is true and correct.
**SWORN TO AND EXECUTED** on this **29th** day of **May, 2006.**

_____
Michael R. Bush, Affiant