May 26, 2000

Honorable Donald L. Parker
Executive Director
Board of Pardons and Paroles
500 Monroe Street
P.O. Box 302405
Montgomery, Alabama 36130-2405

> Community Notification Act – Sex Offenders – Nolo Contendere – Youthful Offender
>
> Persons who plead nolo contendere to sex offenses in other jurisdictions are not subject to the Community Notification Act.
>
> Persons who plead guilty to sex offenses and have their adjudications withheld are subject to the Community Notification Act.
>
> Youthful offenders are subject to the Community Notification Act, but they are to be treated as juvenile criminal sex offenders unless they have been adjudicated for multiple criminal sex offenses.

Dear Mr. Parker:

This opinion of the Attorney General is issued in response to your request on behalf of the Board of Pardons and Paroles.

QUESTION

Does the Community Notification Act apply to persons who plead nolo contendere, have

**EXHIBIT 7**

Honorable Donald L. Parker
Page 2

        their adjudication withheld, or are granted youthful offender status?

## FACTS AND ANALYSIS

The Community Notification Act ("the Act") (codified at sections 15-20-21 through –37 of the Code) is generally applicable to "adult criminal sex offenders" who are defined as "person[s] convicted of a criminal sex offense." *See* ALA. CODE § 15-20-21(1) (Supp. 1999). The Act also applies, to a lesser extent, to "juvenile criminal sex offenders" who are defined as "individual[s] adjudicated delinquent of a criminal sex offense." *See* ALA. CODE § 15-20-21(5) (Supp. 1999).

An adult sex offender must have been "convicted" of a "criminal sex offense," as defined in section 15-20-21(4), to be subject to the registration and community notification provisions of the Act, as well as the Act's residency and employment restrictions. *See generally* ALA. CODE §§ 15-20-22 through –26 (Supp. 1999). In this regard, nolo contendere pleas, which are not utilized in Alabama courts but are employed in various other jurisdictions, do not amount to convictions. Alabama's appellate courts have consistently held that nolo contendere pleas are not recognized in this state. *See Ex parte Jenkins*, 586 So. 2d 176 (Ala. 1991); *May v. Lingo*, 167 So. 2d 267, 277 Ala. 92 (1964); *Woods v. Thrower*, 272 Ala. 344, 131 So. 2d 420 (1961); *McNair v. State*, 653 So. 2d 320 (Ala. Crim. App. 1992); *Snipes v. State*, 404 So. 2d 106 (Ala. Crim. App. 1981). Therefore, persons who plead nolo contendere to sex offenses in other jurisdictions are not subject to the Act.

Like nolo contendere pleas, current provisions of the Act do not specifically address adjudications that have been withheld. Nonetheless, the Alabama Court of Criminal Appeals has recognized that "the acceptance of a plea of guilty and the withholding of an adjudication of guilt and the imposition of sentence and placing the defendant on probation . . . is the equivalent of a conviction." *Suarez v. State*, 369 So. 2d 858, 862 (Ala. Cr. App. 1979) [citing *State v. Gazda*, 257 So. 2d 242 (Fla. 1971) and *United States v. Hartsfield*, 387 F. Supp. 16 (M.D. Fla. 1975)]. Thus, if an individual pleads guilty to a crime that constitutes a "criminal sex offense," that individual is subject to the Act regardless of whether adjudication was withheld.

Previously, the Act was applied to youthful offenders on the same terms as it was applied to adult offenders. The most recent amendments to the Act, however, significantly altered the treatment of some youthful

Honorable Donald L. Parker
Page 3

offenders under the Act. *See* 1999 Ala. Acts No. 99-572. Presently, if a youthful offender is adjudicated for a criminal sex offense and has not previously been adjudicated for a criminal sex offense, the Act provides that he or she is to be treated as a juvenile criminal sex offender. Conversely, if a youthful offender has been adjudicated for multiple criminal sex offenses, that offender is to be treated as an adult criminal sex offender. *See* ALA. CODE § 15-20-31 (Supp. 1999). Thus, while a youthful offender criminal sex offender would certainly be subject to the Act, he or she could be entitled to being treated as a juvenile.

## CONCLUSION

Although persons who plead nolo contendere to sex offenses in other jurisdictions are not subject to the Act, offenders who plead guilty and have their adjudications withheld are subject to the Act. Youthful offenders adjudicated for criminal sex offenses are subject to the Act, but they are entitled to treatment as a juvenile criminal sex offender unless they have been adjudicated for multiple criminal sex offenses.

I hope this sufficiently answers your question. If this Office can be of further assistance, please contact Scott L. Rouse of my staff.

Sincerely,

BILL PRYOR
Attorney General
By:


CAROL JEAN SMITH
Chief, Opinions Division

BP/SLR
22578/13099