IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **MICHAEL R. BUSH, #149363** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| VS. ) | **CASE NO.: 2:06-CV-292-MHT** |
| ) | |
| **PAUL WHALEY, et al.** ) | |
| ) | |
| **Defendants.** ) | |

### RESPONSE TO MOTION FOR PRELIMINARY INJUNCTION

COMES NOW Defendant W.M. Coppage Director of the Alabama Department of Public Safety, by and through undersigned counsel, and in accordance with this Court's order:

### PLAINTIFF'S ALLEGATIONS

Plaintiff claims he is being classified as a sex offender based on a conviction for a sexual offense that occurred in 1984, the conviction being entered in 1992 in Florida. Compare, Pl. Mot. Prelim. Inj. pp. 3-4 ("Bush has lived and maintained residence in Mobile County, Alabama before and after the plea of *nolo contendere* was entered some thirteen years ago, some four years before the Act came into existence.") with Pl. Mot. Prelim. Inj. P. 4. ("Your Petitioner before or after the 1984 allegation, has never been accused of any type [SIC] sexual misconduct or sexual deviate behavior.") Plaintiff claims that he pled *nolo contendere* to the charge and therefore should not be classified as a sex offender. Apparently, Plaintiff believes that when or if he gets out of prison, he will be required to register as a sex offender.

The Plaintiff seeks a preliminary injunction. Specifically, Plaintiff asks this Honorable Court to issue an Order for the Defendants to "abstain or refrain from the application of the Act upon Your Plaintiff until the resolution of this action".[1]

## STATEMENT OF LAW

The following are citations of the portions of the Alabama Community Notification Act that concern the Plaintiff and his status:

15-20-21(1) Code of Alabama defines an ADULT CRIMINAL SEX OFFENDER as "A person convicted of a criminal sex offense, including a person who has pleaded nolo contendere to a criminal sex offense, regardless of whether adjudication was withheld".[2] Plaintiff pled nolo contendere to attempted sexual battery in the State of Florida.

15-20-21(4)(m) Code of Alabama states in pertinent part "…any crime committed in any jurisdiction which, irrespective of the specific description of statutory elements thereof, is in any way characterized or known as rape, sexual assault, **sexual battery** (emphasis added), sexual abuse, sexual torture solicitation of a child, enticing or luring a child, child pornography, lewd and lascivious conduct, taking indecent liberties with a child, or molestation of a child."[3] Again Plaintiff pled nolo contendere to attempted sexual battery in the State of Florida. Further Alabama law extends the Community Notification to persons who are convicted of "any solicitation, attempt, or conspiracy to commit any of the offenses…." 12-20-21(4)(k) Code of Alabama.

---

[1] As stated in Defendant Paul Whaley's "Defendants' Response to Plaintiff's Motion for Preliminary Injunction".
[2] The Act was amended with this section becoming effective October 1, 2005.
[3] The Act was amended with this section becoming effective October 1, 2005.

15-20-21(11) defines the Department of Public Safety as the RESPONSIBLE AGENCY for criminal sex offenders who are "being released from a jurisdiction outside this state and who is to reside in this state". The Plaintiff is currently residing in a correctional institution within the boundaries of the State of Alabama. When and if the Plaintiff is released back into society it will be from an Alabama facility.

15-20-38(a) Code of Alabama states "The Director of the Department of Public Safety shall promulgate rules establishing as administrative hearing procedure for individuals who are made subject to this article pursuant to paragraph l of subdivision (4) of section 15-20-21. Plaintiff is subject to the Alabama Code under the provision in 15-20-21(4)(m). The Director of the Department of Public Safety is not empowered to make the determination as to the applicability of the Community Notification Act to the Plaintiff in this case, although it is clear from an analysis of the statute that the Alabama Community Notification Act applies to the Plaintiff.

15-20-38(b) Code of Alabama states, "the director of the Department of Public Safety shall promulgate rules setting forth a listing of offenses from other jurisdictions that are to be considered criminal sex offenses under paragraph l of subdivision (4) of section 15-20-21. Thereafter, any individual convicted of any sex offense set forth in the listing shall immediately be subject to this article and shall not be entitled to an administrative hearing as provided in subsection (a). The Administrative Law Judges, who are not employed by The Department of Public Safety, who hear the Administrative Due Process Hearings set up under subsection (a) have informed the Department that no offenses may be include on a listing until the particular offenses have been appealed

3

through at least the Circuit Courts of the State of Alabama. Currently there are appeals of four Administrative Hearings pending in the Circuit Court of Montgomery County.

## STANDARD OF REVIEW

The Eleventh Circuit has set forth the standards the Plaintiff must satisfy in order for this Court to issue the requested preliminary injunction:

> "Plaintiffs have the burden to demonstrate that they are entitled to a preliminary injunction by showing (1) a substantial likelihood of success on the merits, (2) irreparable injury if the injunction were not granted, (3) that the threatened injury outweighs any harm an injunction may cause the defendant, and (4) that granting the injunction will not be adverse to the public interest."

Florida Ass'n of Professional Lobbyists, Inc. v. Division of Legislative Information Services of the Florida Office of Legislative Services, 2006 WL 1313255, *1 (11th Cir. 2006) (citing, Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc., 299 F.3d 1242, 1246-47 (11th Cir.2002)).

## CLAIMS AGAINST COLONEL W.M. COPPAGE

Plaintiff has failed to meet the burden necessary to warrant the granting of an injunction against Colonel W.M. Coppage, Director of the Alabama Department of Public Safety. To be successful in this action, the Plaintiff must show that he "has sustained, or is in immediate danger of sustaining, a direct injury as the result of that act." National Viatical, Inc. v. Oxendine, 2006 WL 1071839, *5 (11th Cir. 2006) (citing National Advertising Co. v. City of Miami, 402 F.3d 1335, 1339 (11th Cir. 2005). Plaintiff cannot show any immediate direct injury as a result of the community being further notified of his status as a convicted sex offender, the Court should note that the

Plaintiff is currently listed on the State of Florida's web site as a convicted sex offender,[4] in addition to the fact the Plaintiff has filed this litigation under his real name and not under a pseudonym. All of the facts concerning his status are already in the public domain. Further, until the Department of Public Safety is notified the Plaintiff is being released, the Alabama Community Notification Act Ala. Code §15-20-22, in so far as the Department is empowered, cannot be applied to the Plaintiff so he would not be included on the web site unless and until he is released from incarceration. Further the Plaintiff must show that he has a substantial likelihood of success on the merits, Plaintiff has clearly failed to meet that burden. Therefore, the Plaintiff's motion for a preliminary injunction against the Director of the Department of Public Safety is due to be denied.

## CONCLUSION

For all of the foregoing reasons, The Director of the Department of Public Safety moves this Court to deny the Plaintiff's Motion for Preliminary Injunction.

Respectfully submitted,

/s Michael W. Robinson
Michael W. Robinson
ASB-1170-I71M
Attorney for Department of Public
P.O. Box 1511
Montgomery, Alabama 36102-1511
(334) 242-4392
(334) 242-0894 Fax
mrobinson@dps.state.al.us

---

[4] http://www3.fdle.state.fl.us/sexual_predators/OffenderFlyer.asp?keys=18316

5

## CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jason Matthew Bledsoe

Staff Attorneys

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant:

Michael R. Bush
AIS# 149363
Limestone Correctional Facility
28779 Nick Davis Road
Harvest, Alabama 35749-7109

                    s/ Michael W. Robinson