IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL R. BUSH, | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | CIVIL ACTION No. |
| | ) | |
| | ) | 2:06-CV-292-MHT-SRW |
| PAUL WHALEY, et. al., | ) | |
| Respondents. | ) | |

### PLAINTIFF'S REBUTTAL TO DEFENDANT'S RESPONSE TO PRELIMINARY INJUNCTION

**COMES** now Your Plaintiff and respectfully moves this Honorable Court to accept this, his rebuttal to Defendant W. M. Coppage of the Alabama Department of Public Safety's ("DPS") response to Your Plaintiff's request for preliminary injunction. Your Plaintiff presents and shows as follows:

### RESPONDENT'S ALLEGATION

Defendant Coppage claims he, nor is his department are the "RESPONSIBLE AGENCY." He avers that the DPS only becomes "the RESPONSIBLE AGENCY for criminal sex offenders who are 'being released from a jurisdiction outside this state and who is to reside in this state.'" See Coppage's

1

Response at 3. Furthermore, Defendant Coppage avers that although it is his department's duty to promulgate rules, his ability to do so is limited to "establishing as [SIC] administrative hearing procedure for individuals" and "setting forth a listing of offenses from other jurisdictions." See Coppage's Response at 3. Thus, Coppage affirms that he or his department is "not empowered to make the determination as to the applicability of the Community Notification Act to the Plaintiff. See Coppage's Response at 3.

Defendant Coppage further avers that "[t]o be successful in this action, the Plaintiff must show that he has sustained, or is in immediate danger of sustaining, a direct injury.'" See Coppage's Response at 4 (citations omitted). Coppage suggests that Your Plaintiff "is currently listed on the State of Florida's web site as a convicted sex offender" and "the fact that Plaintiff filed this litigation under his real name and not under a pseudonym" some how renders Your Plaintiff's request for injunctive relief moot.[1] See Coppage's Response at 4.

---

[1] On June 11, 2006, Your Plaintiff made an exhaustive search of the Internet. His name is not listed on any cite, including Florida's. In addition, Your Plaintiff sought permission from this Honorable Court to proceed pseudonymous; Your Plaintiff has not received a ruling.

2

## STANDARD OF REVIEW

The Eleventh Circuit has established a four-prong test for the district court to apply when determining whether a preliminary injunction should issue. Under this test, the movant must demonstrate:

> "(1) a substantial likelihood she will ultimately prevail on the merits; (2) that she will suffer irreparable injury unless the injunction issues; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) that if issued, the injunction would not be adverse to the public interest."

*Doe v. Pryor*, 61 F. Supp. 2d 1224, 1229 (M.D. Ala. 1999), (citing *Baker v. Buckeye Cellulose Corp.*, 856 F.2d 167, 169 (11th Cir. 1988)).

## DISCUSSION

Defendant Coppage suggests that since an act of the legislature has altered the definition of a "conviction" and the *Alabama Rules of Evidence* that the Act is now applicable to Your Plaintiff. Coppage argues §15-20-21(1) (amended 10/1/05), now condemns and considers "a person who has pleaded nolo contendere to a criminal sex offense" guilty of the offense. See Coppage's Response at 2. This retrospective legislation creates an *ex post facto law* (changing the rules of evidence by allowing evidence or testimony, which would not have been previously admitted) and/or a bill of attainder (legislative determination of guilt).

3

First, the Act is located in Title 15 of the *Alabama Code* of 1975, which catalogs Alabama's *Criminal Procedures*. Title 15 begins with §15-1-1, which provides: "Any provisions of this title regulating procedure shall apply only if the subject matter is not governed by rules of practice and procedure adopted by the Supreme Court of Alabama." The subject matter at issue here is whether or not a <u>former</u> plea of *nolo contendere* can be considered a conviction in the present?

Included within the *Alabama Rules of Practice and Procedure* is Rule 410, *Alabama Rules of Evidence*. That rule governs the admissibility of pleas, plea discussions, and related statements. Without ambiguity, Rule 410 states:

> "Except as otherwise provided in this rule, evidence of the following is not, in any civil or criminal proceeding, admissible against the defendant who made the plea or was a participant in the plea discussions:
> …
> (2) a plea of nolo contendere;"

Rule 410(2), *Alabama Rules of Evidence.*

The Advisory Committee's Notes on Rule 410 state that: "… Such *nolo contendere* pleas are to be treated the same, under the rule, as withdrawn guilty pleas." Reading Rule 410 in juxtaposition with the Alabama Appellate Courts holdings concerning *nolo contendere* pleas it is clear that Your Plaintiff's former plea of *nolo contendere* cannot, after the passing of fourteen years, be considered guilt.

4

"The life line of the rule is that the record of such a conviction [based upon a plea of *nolo contendere*] is limited to the case and only the case in which the plea is entered; it is, in fact, not a conviction at all on a plea of guilty, but is an adjudication on a declaration by the accused in open court that, for reasons personal to himself (*and there could be many bona fide, honest ones*) he prefers not only to stand mute with respect to answering the charge, but also will not contest the prosecution's efforts with respect to it." State of Alabama ex rel. WOODS v. THROWER, 272 Ala 344; 131 So.2d 4201961 (Ala.1961) (emphasis added). See also, McNair v. State, 653 So.2d 320 (Ala.Crim.App.1992) ("A *nolo contendere* plea can not be used to establish the aggravating circumstance[s.]"); Wright v. State, 79 So.2d at 69 ("In our opinion a conviction on a plea of *nolo contendere* is not admissible in this jurisdiction for the purpose of discrediting a witness."); see also Snipes v. State, 404 So.2d 106, 109 (Ala.Crim.App.1981) ("The rule in Alabama is that a conviction based upon a plea of *nolo contendere* is inadmissible in evidence in the proceedings.") (citations omitted), cert. quashed, 404 So.2d 110 (Ala.1981); Smith v. State, 46 Ala. App. 157, 239 So.2d 230, 236 (1970) ("A plea of *nolo contendere* is inadmissible in evidence in another proceeding."). See also, Harrison v. Jones, 880 F.2d 1279 (11th Cir. 1989) ("Since at least 1954, convictions based on pleas of *nolo contendere* have not been

5

admissible in criminal prosecutions in Alabama for any purpose."). Continuing as late as February of 2006. See <u>Payne v. State</u>, [CR-04-2005, 2/3/06] 2006 Ala.Crim.App. LEXIS 6 (prior Florida convictions could not be used because they were based on nolo contendere pleas).

Unequivocally, the Appellate Courts of Alabama have determined that a former plea of nolo contendere is <u>not</u> "admissible in ... Alabama for any purpose." <u>Id</u>. It is not the duty of the legislature to determine guilt, moreover to impose retrospective punishment, via new enactments for past acts. When the legislature acts in such a manner it offends the very fabric for which our Constitution stands.

As set out in his complaint and amendment thereto, the retrospective application of the Act is a denial of Your Plaintiff's right under the Constitution to substantive and procedural due process. As discussed above, it raises momentous question of being an *ex post facto law* and/or *bill of attainder*. The Act, as being applied to Your Plaintiff, ignores the <u>fact</u> that Your Plaintiff was a juvenile at the time of the allegation, thus *if* the Act is applied he should be treated as a juvenile. The retrospective application of the Act will inflict punishment by rendering him homeless, denying him his property rights as protected by the Fifth and Fourteenth Amendments. He will be denied his fundamental rights under the

6

First Amendment to engage in and maintain intimate and expressive associations, his right to maintain and engage in his lawful occupation, the right not to have the government interfere with or impose upon his religious beliefs, and his right to peacefully assemble for lawful purposes.

It is Your Plaintiff's contention that the legislature "is not so well suited as politically independent judges and juries to the task of ruling upon the blameworthiness of, and levying appropriate punishment upon, specific persons." <u>Nixon v. Administrator of General Services</u>, 433 U.S. 425, 469 (1977) (quoting <u>United States v. Brown</u>, 381 U.S. 437, 445 (1965)).

## ARGUMENT

Coppage suggests that Your Plaintiff's name is currently in a Florida database, which he says is available on the Internet. <u>See</u> Coppage's Response at 5. Your Plaintiff has conducted an exhaustive search, which has not revealed Your Plaintiff's name in any state's sex offender database. Coppage further suggests that because Your Plaintiff "filed this litigation under his real name and not under a pseudonym" that any injunctive relief would be unnecessary because this matter is a matter of public record. <u>See</u> Coppage's Response at 5. Coppage's claims and assertion must fail.

<u>If</u> Your Plaintiff's name is in some database it is obviously not easily accessed. In fact, searching for his name, Your Plaintiff had to go through a series of procedures, which in the end required a name, address, county, state and/or zip code to obtain any information. As would be the situation of obtaining information form the Honorable Clerk of this Court, or the database of court documents. That would require, at a minimum, a specific case number and/or name. First of all, a person seeking such information would have to have reason to believe litigation had been filed. It is remote that persons call the office of the clerk just to see if a person has filed suit.

The 11th Circuit has recognized the "stigma-plus" test set forth in <u>Paul v. Davis</u>, 424 U.S. 693 (1976). To establish this, a person must show a deprivation of a liberty interest in reputation sufficient to implicate the procedural protections of the due process clause, a plaintiff must show stigma plus the alteration or extinguishments of some other right or status. See, e.g., <u>Valmonte v. Bane</u>, 18 F.3d 992 (2d Cir. 1994); <u>Bohn v. County of Dakota</u>, 772 F.2d 1433 (8th Cir. 1985), cert. denied, 475 U.S. 1014, 106 S. Ct. 1192, 89 L. Ed. 2d 307 (1986); <u>Marrero v. City of Hialeah</u>, 625 F.2d 499 (5th Cir. 1980), cert. denied sub nom. <u>Rashkind v. Marrero</u>, 450 U.S. 913, 101 S. Ct. 1353, 67 L. Ed. 2d 337 (1981). <u>See</u> <u>Doe</u>, <u>supra</u>. Applying the

stigma-plus test in this case, Your Plaintiff has established that: 1) without injunctive relief he will suffer irreparable harm that cannot be cured or correct by monetary damages; and 2) a substantial likelihood of success in showing that the Act will deprive him of a liberty interest protected by the due process clause, which requires injunctive relief protections.

First, the Act will deprive the Your Plaintiff of rights previously Constitutional rights and rights held under State law. By virtue of having been deemed a "criminal sex offender" within the meaning of the Act, Your Plaintiff no longer has the right establish a new residence without giving prior notice to government officials. See §15-20-23. He no longer has the right to live and work within 500 feet of a school or childcare facility. See §15-20-26(g). He no longer has the right to live with a minor whether or not the child is of his own. See §15-20-26 (c). He can be forced to leave any public or private place where he has lawfully gathered with friends and family. See §15-20-26(f). He must first seek permission to work or vacation for more than three consecutive days or ten aggregated days in a thirty-day period; his children and grandchildren would be forbidden from spending more than three consecutive days or ten aggregated days in a thirty-day period with their father and grandfather, Your Plaintiff. See §15-20-23(b)(1). And

he no longer has the right to change his name. See §15-20-36. None of the foregoing was forbidden prior to Your Plaintiff's current incarceration for drug possession. Now, each is criminal offense punishable as a Class C felony, up to a "life sentence" for previously innocent acts.

Second, Your Plaintiff has already shown that the Community Notification Act has already foreclosed his freedom and property rights to maintain his residence of thirty-five years. See Amend. To Pl. Reqst. Emerg. Prlm. Inj. At Ex. I. The Act will likely force Your Plaintiff to live, against his will, in areas known as "sex offender clusters" because of the restrictions imposed on residency. See §15-20-26(c). His employment opportunities will be restricted because of the 500 feet restrictions placed upon him, possibly rendering him unemployed. §15-20-26(g). "There can be little doubt that prospective employers and sellers or lessors of real estate will think twice before doing business with an individual deemed to be a likely recidivist and a danger to his community, and, because the Act allows government officials to notify communities through the local media and the Internet, it is likely that at least some of these prospective business partners will become aware of the State's warning. To the extent that such opportunities are foreclosed, the plaintiff will have satisfied the 'plus' part of the stigma-plus test.

10

See, e.g., <u>Cutshall v. Sundquist</u>, 980 F. Supp. 928, 933 (M.D. Tenn. 1997)." <u>See</u> <u>Doe</u> at 1232.

The third and final plus-factor is that Your Plaintiff clearly has some privacy interest in the nondisclosure of his home address until the resolution of this action; community notification under the Act will clearly deprive him of it.

In Mobile, all persons who residence within 1,000 feet of the declared residence of Your Plaintiff and all schools and child care facilities within three miles will be receive notification. <u>See</u> §15-20-25(a)(1), <u>Ala.Code</u> 1975. This notification will consist of Your Plaintiff's "[n]ame; actual living address; sex; date of birth; complete physical description, including distinguishing features such as scars, birth marks, or any identifying physical characteristics; and a current photograph. This notification shall also include a statement of the criminal sex offense for which he or she has been convicted, including the age and gender of the victim, the geographic area where the offense occurred, and the date upon which the criminal sex offender will be released." <u>See</u> §15-20-21(3).

Community Notification Act will deprive Your Plaintiff of a legitimate privacy interest in his home address. The Act mandates disclosure of his home address when notifying his community. <u>See</u> §§15-20-21(3) and 15-20-25. The

11

Eleventh Circuit has repeatedly held that individuals have "an important privacy interest" in such information. *O'Kane v. United States Customs Serv.*, 169 F.3d 1308, 1310 (11th Cir. 1999) (per curiam); accord *Federal Labor Relations Auth. v. United States Dep't of Defense*, 977 F.2d 545, 549 (11th Cir. 1992); cf. *United States Dep't of Defense v. Fed. Labor Relations Auth.*, 510 U.S. 487, 501 (1994) (holding that individuals have a "nontrivial privacy interest" in nondisclosure of their home addresses). It is true, of course, that home addresses are sometimes available in telephone directories, voter registration lists, and other public records. But "just because the information 'is not wholly "private" does not mean that a person has no interest in limiting disclosure or dissemination of the information.'" *Federal Labor Relations Auth. v. United States Dep't of Defense*, 977 F.2d at 549 (quoting *Department of Justice v. Reporters Comm. for Freedom of Press*, 489 U.S. 749, 770 (1989)); accord *United States Dep't of Defense v. Fed. Labor Relations Auth.*, 510 U.S. at 500. Your Plaintiff clearly has some privacy interest in the nondisclosure of his home address and public dissemination to his neighbors, and community notification under the Act will clearly deprive him of it.

Coppage's assertion, which has yet to be proven, that Your Plaintiff name is publicly available on the Internet is irrelevant. Any argument that information on

12

the Internet is equivalent to a community notification flyer would be meritless. Recent national events have shown vigilante violence, which has resulted serious injuries and death. Is Your Plaintiff to be subject to such harms without a full judicial determination on the merits of his claims? No, under the circumstances of this case justice requires injunctive relief. This additional deprivation constitutes a third plus-factor to satisfy the stigma-plus test. See, e.g., Cutshall, 980 F. Supp. at 933-34; Doe v. Poritz, 142 N.J. 1, 662 A.2d 367, 419 (N.J. 1995). Quoting in part, Doe, supra at 1232.

### I. Your Plaintiff will suffer immediate and irreparable harm if the requested injunction is not issued.

Your Plaintiff contends that he will suffer irreparable harm to his reputation, psyche and personal associations if community notification is allowed to proceed. Such harms, by their very nature, cannot be measured or redressed by money damages and are thus "common venues for the issuance of a preliminary injunction." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1310 (11th Cir. 1998) (citation omitted). In this case, moreover, Your Plaintiff will not be able to sue after the fact for money damages in state or federal court because of the doctrines of qualified and sovereign immunity. The community notification will subject Your

13

Plaintiff to public opprobrium, stigmatization, shame, embarrassment, and threats of physical harm for which there is no adequate remedy at law.

The equities in this case weigh in favor of granting a preliminary injunction. Your Plaintiff faces irreparable harm in the absence of a preliminary injunction, whereas the defendants will suffer no harm by a delay in notification. The injuries that would be inflicted on the plaintiff by community notification thus outweigh the damage, if any, that the preliminary injunction might cause the defendants. Your Plaintiff also avers that upon granting his relief requested he will be residing at the same residence where he has lived for thirty five years, moreover he will be supervised by the Alabama Board of Pardons and Paroles. Thus, for these reasons the injunction should issue.

## II. Your Plaintiff has demonstrated a likelihood of success.

Aside from Coppage's, Whaley's, Allen's, and King's bland assertion that Your Plaintiff has failed to meet the burden of likely success they offer nothing in support. As Your Plaintiff has proven, the Defendant's have been aware of this action for two and a half years. During that time, they have offered nothing. They have refused to plead, answer, or otherwise defend, and defied lawful court orders to provide discovery. Now before this Honorable Court, the Defendants

still have offered nothing to show how a former plea of *nolo contendere* is suddenly applicable (without offending the ex post facto and bill of attainder clauses) after the passing of fourteen years. Moreover, the Defendants fail to show how, and under what authority the Act is retrospective. Article III, §45, Alabama Constitution of 1901, imposes the requirement that where an act is intended to have retroactive application, the title of the act must fairly and reasonably indicate that the act is retrospective. See *Alabama Educ. Ass'n v. Grayson*, 382 So.2d 501 (Ala.1980). The language of the Act suggests that its operation is prospective only. See §15-20-33(c) ("Nothing in this article shall preclude any criminal sex offender from registering in accordance with Section 13A-11-200; however, such registration *unless otherwise proscribed by this article* does not trigger public *notification*.") (emphasis added). The legislature was aware of this provision and §13A-11-200 when it amended both in October of 2005. Section 13A-11-200 is obviously retroactive. ("If any person, except a delinquent child, as defined in Section 12-15-1, residing in Alabama, has *heretofore* been convicted, or shall be convicted"). If the legislature had intended for the Act to have retroactive operation and effect it could have easily included "heretofore," is it did in §13A-11-200. It chose not to do so, thus the Act is to have prospective operation only.

It would seem that if the Defendant's were in possession or were aware of authorities that would at least seem to controvert Your Plaintiff's claims they would have presented those log ago. The *nolo contendere* plea alone shows a likelihood of success on the merits. The requested injunction should issue to protect Your Plaintiff's rights until a full hearing is held on the merits.

**III. The threatened injury to Your Plaintiff outweighs whatever damage the proposed injunction may cause the opposing party.**

**IV. The injunction would not be adverse to the public interest.**

A relevant fact is that none of the Defendant's have pleaded or suggested that they would be harm or that the issuance of the injunctive relief would be adverse to the public interest. The Defendant's well know that Your Plaintiff's criminal history is limited to property crimes and the two present drug offenses. If they felt otherwise they would have pleaded.

Your Plaintiff is not a criminal sex offender and the Defendant's are aware. He entered the plea, with permission of the court, with equity in mind, because of the delay of 8 years in obtaining his arrest. If the Defendant's, or other agency of the State thought otherwise they would have attempted to impose restrictions long ago.

16

The Alabama Board of Pardons and Paroles will supervise your Plaintiff upon his release therefore his whereabouts will be known. This alone should weigh in Your Plaintiff's favor.

### RELIEF REQUESTED

WHEREFORE, for reasons set forth herein, Your Plaintiff respectfully prays this Honorable Court to protect its Plaintiff by issuing a preliminary injunction:

a). forbidding the revocation or rescinding of his parole because injunctive relief is granted; and

b). order the Defendants Paul Whaley, Richard Allen, Troy King and the Director of the Alabama Department of Public Safety, their agents, employees, and all persons acting in concert, directly or indirectly, or in agency with them to abstain or refrain from the application of the Act upon Your Plaintiff until the resolution of this action; thereafter

c). set the cause for an expedited hearing if this Honorable Court deems it appropriate; and

d). any other and further relief this Honorable Court deems necessary to protect the rights of its Plaintiff.

## **CONCLUSION**

Since December 2004 Your Plaintiff has diligently sought to resolve this matter (well before the 2005 amendment regarding nolo contendere pleas). The Defendant have collectively refused to plead, provide discovery or otherwise defend. It appears as though the Defendants are seeking to subject Your Plaintiff to the statutes in question subsequent to resolution of the litigation. Their actions have been fundamentally unfair and clear usurpation and oppression of rights to redress secured by our Constitution. Your Plaintiff seeks shelter in this Honorable Court issuance of an injunction for good cause shown herein.

Respectfully submitted this 12th day of June, 2006.

_____
Michael R. Bush, Plaintiff

## CERTIFICATE OF SERVICE

I, Michael R. Bush, certify that I have served a true copy of the foregoing upon counsel for the Defendants on this 12th day of June, 2006, by placing the same in the hands of prison officials to be mailed via the United States Mail, postage prepaid and properly addressed as follows:

J. Matt Bledsoe
Office of the Attorney General
11 South Union Street
Montgomery, Alabama 36130-0152

Michael W. Robinson
Attorney for the Al. Department of Public Safety
P.O. Box 1511
Montgomery, Alabama 36102-1511

_____
Michael R. Bush #149363
L.C.F. 12 Dorm
28779 Nick Davis Road
Harvest, Alabama 35749-7009

19