IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL R. BUSH, ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | CIVIL ACTION No. |
| ) | **2:06-CV-292-MHT-SRW** |
| PAUL WHALEY, et. al., ) | |
| Respondents. ) | |

**PLAINTIFF'S PROPOSAL OF SETTLEMENT**

**COMES** now Your Plaintiff and presents his proposed temporary or permanent settlement. Your Plaintiff presents the following:

**FACTS AND MEMORANDUM OF LAW IN SUPPORT**

1. In presenting this proposal, Your Plaintiff <u>does</u> <u>not</u> waive any claims presently before this Honorable Court; nor does he admit or believe that he is subject to any sex offender registration statute or ordinance. Your Plaintiff submits his proposed settlement in the interest of equity and expediency of all parties as well as in the interest of judicial economy.

1

2. The facts of this case have been clearly set out in Your Plaintiff's complaint, thus a recitation is unnecessary.

3. As Your Plaintiff has argued the Alabama Community Notification Act is not applicable to him. The Act is devoid of any express statement of retrospective operation. Article III, §45 of the *Constitution of Alabama* of 1901 imposes the requirement that where an act is intended to have retroactive application, the title of the act must fairly and reasonably indicate that the act is retrospective. See <u>Alabama Educ. Ass'n v. Grayson</u>, 382 So.2d 501 (Ala.1980). See also, <u>Lindsay v. United States Savings and Loan Association</u>, 120 Ala. 156, 24 So. 171 (1897); see Gayle <u>v. Edwards</u>, 261 Ala. 84, 72 So.2d 848 (1954). <u>Alabama Home Builders Licensure Bd. v. Grzelak</u>, 705 So.2d 406 (Ala.Civ.App.1997). The Act as written has no express or implied indication of retrospective operation, thus it cannot be applied to events before it enactment without offending Alabama's Constitution.

4. The language of the Act suggests that its operation is prospective only. <u>See</u> §15-20-33(c) ("Nothing in this article shall preclude any criminal sex offender from registering in accordance with Section 13A-11-200; however, such *registration unless otherwise proscribed by this article* <u>does</u> <u>not</u> *trigger public notification.*") (emphasis added). The legislature's reference to §13A-11-200 is of significant

importance. In 2005, the Alabama Legislature enacted numerous amendments to the Community Notification Act. <u>See</u> Acts 2005, 1st Sp. Sess., No. 05-301. Included within Acts No. 05-301, were several amendments to §13A-11-200 as well. <u>See</u> §§13A-11-200 et seq. Section 13A-11-200 is applied retrospectively to persons whom the statute is deemed applicable. <u>See</u> §13A-11-200 ("If any person, except a delinquent child, as defined in Section 12-15-1, residing in Alabama, has <u>*heretofore*</u> been convicted, or shall be convicted") (emphasis added). Obviously, "*heretofore*" applies to events past and present.

5. It is Your Plaintiff's contention that reading the two, §§13A-11-200 et seq. and 15-20-20 et seq., *in pari materia*, obviously the legislature knew applying the Community Notification Act to <u>past</u> <u>events</u> raised grave concerns of impairing vested and fundamental rights. Being aware of the ex *post facto* and *bill of attainder* concerns, it simultaneously amended both statutes in Acts No. 05-301 to correct the problem. If this were not their intent, the legislature could have easily amended the Community Notification Act to include *"heretofore"* or simply repealed §13A-11-200 et seq.; they chose to allow each a continued field of operation. <u>See Radney v. State</u>, 840 So.2d 190, at n.4 (Ala.Crim.App.2002) (the registration and limited notification requirements of §13A-11-200 have been largely subsumed by the recent, and far more comprehensive, registration, notification, and residency requirements set out in

3

the Community Notification Act, §13A-11-200 nonetheless retains a field of operation. By enacting the Community Notification Act, the Legislature clearly intended to broaden the scope of its registration and notification requirements with respect to convicted sex offenders who are incarcerated for a sex offense on the effective date of the Act. However, the Legislature was acutely aware of the continued field of operation of §13A-11-200, because the Legislature specifically referenced that section in § 15-20-33(c), which provides: "Nothing in this article shall preclude any criminal sex offender from registering in accordance with Section 13A-11-200; however, such registration unless otherwise proscribed by this article does not trigger public notification."). Thus, §13A-11-200 et seq., is the only provisions of law that could arguably apply to Your Plaintiff.

6. The courts have consistently held to "the legal maxim *expresio unius est exclusio alterius* -- the expression of one thing implies an intent to exclude another not so expressed. See <u>Jefferson County v. Alabama Crim. Justice Info. Ctr. Comm'n.</u>, 620 So.2d 651 (Ala.1993); <u>Geohagan v. General Motors Corp.</u>, 291 Ala. 167, 279 So.2d 436 (1973)." <u>Ex parte Oswalt</u>, 686 So.2d 368, 373 (Ala.1996). In Acts No. 05-301, the Alabama Legislature had the opportunity to amend the Community Notification Act to include language of "retroactive," "retrospective," and "heretofore;" it chose not. Yet, in the same Acts it continued to refer to §13A-11-200 in §15-20-33(c). Section 15-20-33(c) specifically states "however, such

4

registration unless otherwise proscribed by this article does not trigger public notification, but §13A-11-200 would still likely apply. In §13A-11-202 and 203, the legislature used the term "if" in referring to when community notification is applicable. ("The information contained in the register or roster, however, shall be made available if disclosure is necessary for the administration, implementation, or enforcement of the Community Notification Act"). "[I]f disclosure is necessary," read *in pari materia* with §15-20-33(c), leads to the conclusion that only §13A-11-200 et seq., is applicable to past actions not §15-20-20 et seq..

Wherefore Your Plaintiff presents the attached proposed settlement, in good faith and for reasons stated above, that he is willing to settle this matter, upon agreement of all parties, being accepted, thereafter being ordered by this Honorable Court.

Respectfully submitted this 12th day of June, 2006.

_____
Michael R. Bush, Plaintiff

5

# **PROPOSED SETTLEMENT**

Due to the relevant law and circumstances of the plea of *nolo contendere*, and the circumstances and conditions upon which said plea was entered, Michael Russell Bush, in agreement with the parties in the action of Michael R. Bush v. Paul Whaley, et al., (2:06-CV-292-MHT-SRW), enters into this agreement with the State of Alabama, all County's thereof and all agencies, city's and municipalities within the State of Alabama that:

**a.** Michael Russell Bush <u>will</u> register pursuant to Section 13A-11-200 et seq., *Ala.Code* 1075, as written and amended in Acts No. 05-301.

**b.** Michael Russell Bush <u>will</u> <u>not</u> be subject as a result of the former plea of *nolo contendere* to any provision of Section 15-20-20 et seq., known and cited as the "Community Notification Act," in the State of Alabama, present or in the future.

**c.** Michael Russell Bush enters into this agreement as a COMPROMISE and does not admit his plea of *nolo contendere* is a "conviction" under the law.

## CERTIFICATE OF SERVICE

I, Michael R. Bush, certify that I have served a true copy of the foregoing upon counsel for the Defendants on this 12th day of June, 2006, by placing the same in the hands of prison officials to be mailed via the United States Mail, postage prepaid and properly addressed as follows:

J. Matt Bledsoe
Office of the Attorney General
11 South Union Street
Montgomery, Alabama 36130-0152

Michael W. Robinson
Attorney for the Al. Department of Public Safety
P.O. Box 1511
Montgomery, Alabama 36102-1511

Michael R. Bush  #149363
L.C.F. 12 Dorm
28779 Nick Davis Road
Harvest, Alabama 35749-7009