IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL R. BUSH, | )  |
| Plaintiff, | ) |
| | ) |
| Vs. | ) CIVIL ACTION No. |
| | ) |
| | 2:06-CV-292-MHT-SRW |
| PAUL WHALEY, et. al., | ) |
| Respondents. | ) |

**RENEWED MOTION FOR APPOINTMENT OF COUNSEL**

Pursuant to 28 U.S.C. §1915(e)(1), Your Plaintiff moves and renews his previous motion for appointment of counsel (see attachment #1).[1] In support of his motion, Your Plaintiff presents and shows as follows:

**1.** As this Honorable Court is aware, its Plaintiff has been granted parole and is awaiting release.[2]

**2.** Your Plaintiff is not experienced nor trained in the science of law and has proceeded thus far with the assistance of other inmates. Upon his release he will not have this much needed assistance.

---

[1] The docket report of the instant case is devoid of the filing of the first motion and request for appointment.
[2] Your Plaintiff has met barriers and hurdles in obtaining suitable residency because of the strictures of the Alabama Community Notification Act, including banishment from his residence of 35 plus years, but has now found residency in a halfway house.

1

**3.** Your Plaintiff's incarceration makes possible easy access to a law library. Upon release, Your Plaintiff will have obligations that will hinder his ability and time to access county and state operated law libraries. Thus, he responsibly fears that he may default or make critical mistakes in his litigation, which could result in the denial of his claims.

**4.** Pursuant to 28 U.S.C. § 1915(e)(1), this Honorable Court has discretion to appoint counsel for its Plaintiff if *exceptional circumstances* exist. See <u>Bass v. Perrin</u>, 170 F.3d 1312, 1320 (11th Cir. 1999). "Exceptional circumstances" include the presence of "facts and legal issues [which] are so novel or complex as to require assistance of a trained practitioner." <u>Kilgo v. Ricks</u>, 983 F.2d 189, 193 (11th Cir. 1993).

**6.** Your Plaintiff contends that the claims presented in his initial complaint (<u>see</u> Doc. 1) may on their face be somewhat comparable to other courts opinions regarding community notification acts, but they are not dispositive. Furthermore, his claims of constitutional violations — First, Fifth, Eight and Fourteenth Amendments (<u>see</u> Doc. 45) — are novel and complex, having not been addressed by the 11th Circuit, thus, warranting the guiding hand of trained and experienced counsel. The matters complained of in this case are not remedial, but implicate a deprivation of fundamental and vested constitutional rights and will affect Your Plaintiff in every facet of his existence for the rest of his life.

**7.** Your Plaintiff will be required to conduct extensive discovery from criminal databases, state agency files, vital statistics and other sources to prove under the facts of

this case he is entitled to relief. It is shown on the face of the record that the State of Alabama has been less then forthcoming in providing Your Plaintiff with any discovery in the state-court proceeding. Only with the assistance of counsel can Your Plaintiff obtain what he needs to adequately present his case, and only with counsel can he investigate the material obtained to develop legal theories on his behalf.

**8.** At any hearing, Your Plaintiff could never effectively cross-examine witnesses and adhere to courtroom protocol and rules as he is untrained in the law. Moreover, because matters crucial to a determination on the merits may develop at the hearing (requiring immediate investigation of records, persons, etc.), without counsel the result of a hearing might be a foregone conclusion. The areas of fact and law in this case present material questions of first impression not addressed by any Alabama or federal court. For Your Plaintiff to be required to represent himself in these proceedings would represent a classic David v. Goliath scenario. Appointment of counsel for Your Plaintiff is necessary, fair and just given the procedural history, conduct of the Defendants and complexity of the case.

*PRAYER:*

*Wherefore,* circumstances and premises considered herein, Your Plaintiff prays that this Honorable Court appoint counsel for assistance in preparation and presentation of his cause.

Respectfully submitted this 1st day of August, 2006.

_____
Michael R. Bush, Plaintiff

## CERTIFICATE OF SERVICE

I, Michael R. Bush, certify that I have served a true of the foregoing upon counsel for the Defendants on this 1st day of August, 2006, by placing the same in the United States Mail, postage prepaid and properly addressed as follows:[3]

Joshua Bearden (BEA 070)
Office of the Attorney General
11 South Union Street
Montgomery, Alabama 36130-0152

_____
Michael R. Bush  #149363
L.C.F.  12 Dorm
28779 Nick Davis Road
Harvest, Alabama 35749-7009

---

[3] Due to the cost of copies ($0.50 per page), attachment #1, which was previously served, has been omitted from the copy mailed to counsel for the defendants'.

4