IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL R. BUSH, | ) |
|    Plaintiff, | ) |
| | ) |
| Vs. | )    CIVIL ACTION No. |
| | ) |
| PAUL WHALEY, et. al., | ) |
|    Respondents. | ) |

**MOTION FOR APPOINTMENT OF COUNSEL**

Pursuant to 28 U.S.C. §1915(e)(1), Your Plaintiff moves this Honorable Court for an order appointing counsel to represent him in this cause. In support of his motion, Your Plaintiff states:

1. This Honorable Court previously granted its Plaintiff's request to proceed *in forma pauperis*, simultaneously finding that its Plaintiff lacked the financial resources to pay any partial filing fee. Thus, Your Plaintiff is without financial recourses to hire an attorney to represent him in his cause.

2. Your Plaintiff has made efforts to obtain an attorney. Attached hereto, are copies of three letters requesting either *pro bono* representation or requesting their willingness to accept appointment by this Honorable Court. As of the date of this filing, only one attorney has responded to Your Plaintiff's inquiries (see attached).

# 1

3. All pleadings filed thus far are because of combined effort of other inmates. Your Plaintiff is not an attorney, nor does he claim to be educated or versed in the science of law. While Your Plaintiff has arguably been able to plead his claims sufficiently, investigation and performing in a courtroom setting present a different set of challenges to the pro se prisoner. Thus, appointment of counsel is warranted.

4. Your Plaintiff would ask that this Honorable Court take into consideration that the Defendants in this cause are various Alabama State agencies and departments; Your Plaintiff is in their custody and control. His legal research materials are greatly limited and are of no match to that of the Defendants.

5. Pursuant to 28 U.S.C. § 1915(e)(1), this Honorable Court has discretion to appoint counsel for its Plaintiff if *exceptional circumstances* exist. See <u>Bass v. Perrin</u>, 170 F.3d 1312, 1320 (11th Cir. 1999). "Exceptional circumstances" include the presence of "facts and legal issues [which] are so novel or complex as to require assistance of a trained practitioner." <u>Kilgo v. Ricks</u>, 983 F.2d 189, 193 (11th Cir. 1993).

6. Your Plaintiff contends that the core facts of the case — whether his former plea *nolo contendere* can be used against him, despite Alabama jurisprudence that it cannot — are in dispute. Furthermore, his legal claims of violations — First, Fifth and Fourteenth Amendments (complaint to be amended) — are novel and complex. It should also be considered that the determination of the matters complained of in this case are not

remedial, but implicate a deprivation of vested constitutional rights and will affect Your Plaintiff in every facet of his existence for the rest of his life.

7. Lawful incarceration necessarily limits an inmate's right to plead and manage his own case personally. See *Price v. Johnston*, 334 U.S. 266, 285-86 (1948). In order to meet the stringent standards of pleading and proving to obtain a hearing on the merits, Your Plaintiff will be required to conduct extensive discovery from criminal databases, state agency files, vital statistics and other sources to prove under the facts of this case he is entitled to relief. It is shown on the face of the record that the State of Alabama has been less then forthcoming in providing Your Plaintiff with any discovery in the state-court proceeding. Only with the assistance of counsel can Your Plaintiff obtain what he needs to adequately present his case, and only with counsel can he investigate the material obtained to develop legal theories on his behalf.

8. At any hearing, Your Plaintiff could never effectively cross-examine witnesses and adhere to courtroom protocol and rules as he is untrained in the law. Moreover, because matters crucial to a determination on the merits may develop at the hearing (requiring immediate investigation of records, persons, etc.), without counsel the result of a hearing might be a foregone conclusion. The areas of fact and law in this case present material questions of first impression not addressed by any Alabama or federal court. For Your Plaintiff to be required to represent himself in these proceedings would represent a classic David v. Goliath scenario. Appointment of counsel for Your Plaintiff

3

is necessary, fair and just given the procedural history, conduct of the Defendants and complexity of the case.

***PRAYER:***

*Wherefore*, circumstances and premises considered herein, Your Plaintiff prays that this Honorable Court appoint counsel for assistance in preparation and presentation of his cause.

Respectfully submitted this 18th day of May, 2006.

_____
Michael R. Bush, Plaintiff
#149363
L.C.F.  Dorm 12
28779 Nick Davis Road
Harvest, Alabama 35749-7009

## CERTIFICATE OF SERVICE

I, Michael R. Bush, certify that I have served a true of the foregoing upon counsel for the Defendants on this 18th day of May, 2006, by placing the same in the United States Mail, postage prepaid and properly addressed as follows:

J. Matt Bledsoe
Office of the Attorney General
11 South Union Street
Montgomery, Alabama 36130-0152


Michael R. Bush  #149363
L.C.F.  12 Dorm
28779 Nick Davis Road
Harvest, Alabama 35749-7009