IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2006 SEP -8 A 10: 06
U.S. DIST. COURT

| | |
|---|---|
| MICHAEL R. BUSH, ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | CIVIL ACTION No. |
| ) | 2:06-CV-292-MHT-SRW |
| PAUL WHALEY, et. al., ) | |
| Defendants. ) | |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION DENYING MOTION FOR PRODUCTION OF LEGAL DOCUMENTS

Your Plaintiff submits this memorandum of law in support of his motion for reconsideration of this Honorable Court's Order denying his request that Kim Thomas of the Alabama Department of Corrections provide him with legal materials.

### ARGUMENT

*1. Kim Thomas' failure to serve your Plaintiff with copies of documents filed with this Honorable Court and other parties is a denial of due process of law.*

Your Plaintiff avers that Mr. Thomas presented his opposition to your Plaintiff's request for the production of the Alaska Community Notification statute *ex parte*. This *ex*

1

*parte* proceeding is an actual denial of procedural due process, which core purpose and principal is to provide notice and opportunity to all parties.

Rule 5 of the *Federal Rules of Civil Procedure* sets forth general filing requirements for *all* pleadings and other papers, and the general service requirements. See Rule 5(a) (requiring generally that "every pleading subsequent to the original complaint . . ., every paper relating to discovery required to be served upon a party . . ., every written motion other than one which may be heard ex parte, and every written notice, appearance, demand, offer of judgment, designation of record on appeal, and similar paper shall be served upon each of the parties"). The provisions of Rule 5 are designed to achieve two objectives: 1) to ensure that each party to a civil action obtains copies of all documents used in the prosecution and defending the action; and to create a rationally – assembled record with the clerk of court.

Your Plaintiff would argue that Mr. Thomas' failure to serve your Plaintiff with copies of his pleadings is a denial of due process of law. The Supreme Court long ago set the standard by which the adequacy of notice is measured. In *Mullane v. Central Hanover Trust Co.*, 339 U.S. 306 (1950) the Supreme Court held:

> "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. *Milliken v. Meyer*, 311 U.S. 457, 85 L. Ed. 278, 61 S. Ct. 339; *Grannis v. Ordean*, 234 U.S. 385, 58 L. Ed. 1363, 34 S. Ct. 779 ; Priest v. Las Vegas, 232 U.S. 604, 58 L. Ed. 751, 34 S. Ct. 443; *Roller v. Holly*, 176 U.S. 398, 44 L. Ed. 520, 20 S. Ct. 410.

2

> The notice must be of such nature as reasonably to convey the required information and it must afford a reasonable time for those interested to make their appearance."

*Id.* at 314-15. Your Plaintiff had a right before the Court disposed of the motion to oppose any grounds or reason in which Mr. Thomas relied upon. The failure of Thomas to serve Your Plaintiff with the motion in opposition denied Your Plaintiff notice (to the grounds and arguments in the motion) and to any opportunity to be heard.

Mr. Thomas filed a copy of the opposition with the Court and served a copy upon all parties *except* Your Plaintiff. (See Defnd. Joint Respon. 8/29/06). This demonstrates that Mr. Thomas is advocating for the State and his capricious conduct represents a blatant usurpation and oppression of Your Plaintiff's Fourteenth Amendment right. Depriving Your Plaintiff of a copy of Mr. Thomas' motion and thereby depriving him of the statutes he needs equates with no hearing at all.

*2). Kim Thomas' opposition to providing the requested statue is hindering your Plaintiff's ability to present his claims to the court and meaningful access to the courts.*

Your Plaintiff would argue that Mr. Thomas' refusal to supply your Plaintiff with legal materials is in effect a denial of his right to effectively present his claims to the court and meaningful access to the court as guaranteed by the First and Fourteenth Amendments. Your Plaintiff contends that forcing him to proceed without the requested

3

Alaska statute will prejudice him and foreclose on his need to compare the two – Alaska and Alabama – statues.

It is your Plaintiff's contention that the two – Alaska and Alabama – are not, as this Honorable Court suggested, "strikingly similar." (See Doc. 41 at 19). The Honorable Magistrate's first impression of the Act is a more appropriate and factual statement. (See Doc. 41 at 2) (the Alabama Act has "been amended on several occasions to address various constitutional challenges ... it remains one of the one of the most far-reaching and restrictive sex offender registration laws in the United States[.]"). The fact that the Alabama Act has "been amended on several occasions to address various constitutional challenges" and that "it remains one of the one of the most far-reaching and restrictive sex offender registration laws in the United States " only lends credence to your Plaintiff's argument that the Act's overly broad restrictions, and application raises serious constitutional questions. Thus, your Plaintiff avers that a pari materia reading of the two statues is imperative because the Alaska Community Notification Act (Megan's Law) is the statute addressed by the Supreme Court in <u>Smith v. Doe</u>, 538 US 84 (2003), which this Honorable Court's based its recommendation that its Plaintiff's preliminary injunction be denied. In addition, the same is relied upon by the defendants in their special report. Thus, Mr. Thomas' refusal to provide the requested is in fact a denial of your Plaintiff's right to First Amendment right to present his grievances to the court and meaningful access the court.

It is beyond cavil that access to the courts is clearly a constitutional right, grounded in the First Amendment, the Article IV Privileges and Immunities Clause, the Fifth Amendment, and/or the Fourteenth Amendment. *Christopher v. Harbury*, 536 U.S. 403, 415 n.12 (2002) (noting the Supreme Court's past reliance on all of these bases); see also *Bank of Jackson County v. Cherry*, 980 F.2d 1362, 1370 (11th Cir. 1993) (grounding the right of access to courts in the First Amendment). To pass constitutional muster, access to the courts must be more than merely formal; it must also be adequate, effective, and meaningful. *Ryland v. Shapiro*, 708 F.2d 967, 972 (5th Cir. 1983) (citing *Bounds* at 822).

"[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v Smith*, 430 US 817, 828 (1977). To that end, the Supreme Court has held that inmates must be provided "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (quoting *Bounds*). Mr. Thomas, by opposing Your Plaintiff's efforts to provide the legal materials he needs to effectively litigate his claim, is a denial of access to the courts and directly causing Your Plaintiff legal injury.[1]

---

[1] Your Plaintiff requires copies of the Alaska Statute to forward a detailed *in par materia* review of the Alabama and Alaska statutes. Deprivation of Alaska's law precludes Your Plaintiff from showing that, while there are similarities, Alabama's law is (as this Court admits) among the most burdensome in the nation.

5

The fact is Mr. Thomas routinely fills legal requests of other inmates, yet he refuses to do so in this instance.[2] There can be no legal binding argument and reasoning for his denial, only his wish not to do so. No prejudice will befall Mr. Thomas if he either were to voluntarily or ordered to fill your Plaintiff's request. Equity is the issue here, thus, equity mandates that Mr. Thomas provide the requested.

## CONCLUSION

Mr. Thomas is incongruously refusing to provide Your Plaintiff with a copy of pleadings and the materials Your Plaintiff needs to ensure his fair day in court. Fair play should be the controlling standard. Your Plaintiff suffers prejudice and thus this motion should be granted.

Respectfully submitted this 5th day of September, 2006.

_/s/ Michael R. Bush_
Michael R. Bush, Plaintiff

---

[2] See Exhibit's #2 and #3 of accompanying Motion for Reconsideration.

## **CERTIFICATE OF SERVICE**

I, Michael R. Bush, certify that I have served a true of the foregoing upon counsel for the Defendants on this 5th day of September, 2006, by placing the same in the United States Mail, postage prepaid and properly addressed as follows:

Joshua Bearden (BEA 070)
Office of the Attorney General
11 South Union Street
Montgomery, Alabama 36130-0152


Kim Thomas, General Counsel
Alabama Department of Corrections
Legal Division
P.O. Box 301501
Montgomery, Alabama

_____
Michael R. Bush  #149363
L.C.F.   12 Dorm
28779 Nick Davis Road
Harvest, Alabama 35749-7009