IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL R. BUSH, #149363 ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | CASE NO.: 2:06-CV-292-MHT |
| ) | |
| PAUL WHALEY, et al. ) | |
| ) | |
| Defendants. ) | |

## MOTION TO STAY DISCOVERY

**COME NOW** the Defendants, **Paul Whaley, Col. Mike Coppage, Richard Allen, and Troy King,** by and through undersigned counsel, and move this court to stay discovery, and as grounds therefore state as follows:

1.  Defendants have raised various defenses facially attacking the legal sufficiency of Plaintiff's Complaint. In Chudasama v. Mazda Motor Corp., 123 F.3d 1353 (11th Cir.1997), the court determined that challenges to the legal sufficiency of a claim or defense should often be resolved before discovery begins. Id. at 1367. The court noted that such disputes present purely legal questions where there is no need for discovery prior to ruling on dispositive motions. Id. (internal citations omitted). The Chudasama court also noted that discovery imposes many costs on the parties and can tax scarce judicial resources when discovery disputes arise. Id. at 1367-68. In general, district courts have "broad discretion in deciding how best to manage the cases before them" Id. at 1366.

1

2.  The United States Court of Appeals for the Eleventh Circuit in <u>Rich v. Dollar</u>, 841 F.2d 1558 (11th Cir. 1988), stated that "[t]he entitlement not to stand trial or *face the other burdens of litigation* provided by the doctrines of absolute immunity and qualified immunity is effectively lost if the case is erroneously allowed to go to trial."  <u>See</u> <u>also</u>, <u>Mitchell v. Forsyth</u>, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985).  "Unless the plaintiff's allegation states a claim of violations of a clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." <u>Mitchell v. Forsyth</u>, 472 U.S. 511, 526, 105 S.Ct. 280, 86 L.Ed.2d 411 (1985).

3.  Judicial economy favors delaying discovery matters until after rulings on the pending motions for summary judgment clarify both the parties and the claims.

**WHEREFORE, THE ABOVE PREMISES CONSIDERED**, Defendants respectfully request that this Court:

a.  Enter an order staying all discovery in this proceeding until after the Court rules on Defendants' Motion to for Summary Judgment; or

b.  Grant such other, further, and different relief as this Court may deem proper.

Respectfully submitted,

TROY KING
Attorney General

2

        /s/ J. MATT BLEDSOE
J. MATT BLEDSOE (BLE006)
Assistant Attorney General
Counsel for Defendants King, Allen
and Whaley

        /s/ JOSHUA BEARDEN
JOSHUA BEARDEN (BEA070)
Assistant Attorney General
Counsel for Defendants King, Allen
and Whaley

OF COUNSEL:

OFFICE OF THE ATTORNEY GENERAL
11 South Union Street
Montgomery, AL 36130
(334) 242-7300
(334) 242-2433 (fax)

        /s/ MICHAEL W. ROBINSON
Michael W. Robinson (ROB123)
Counsel for Defendant Coppage

OF COUNSEL:

ALABAMA DEPARTMENT OF
PUBLIC SAFETY-LEGAL UNIT
PO Box 1511
Montgomery, AL 36102-1511
(334) 242-4392

**CERTIFICATE OF SERVICE**


      I hereby certify that I have, this 22nd day of September, 2006, served a copy of the foregoing on the plaintiff, by placing same in the United States Mail, postage prepaid and properly addressed as follows:


Michael Bush, #149363
Limestone Correctional Facility
28779 Nick Davis Road
Harvest, AL  35749-7009


    /s/  J. MATT BLEDSOE
    OF COUNSEL