MICHAEL R. BUSH #149363S    )

    Plaintiff,    )

      vs.    )    CASE NO.  2:06 CV-292-MHT-SRW

          )

PAUL WHALEY, et. Al.    )

    Respondents    )

## A F F I D A V I T

My name is Paul Whaley II and I am presently employed as the Director of Classification, Alabama Dept. of Corrections, P O Box 301501, Montgomery, Alabama 36130. I am over the age of twenty-one years. I have 28 years' experience with the Alabama Dept. of Corrections, all in the area of inmate classification. I worked at Kilby as the institutional classification specialist for five years managing a caseload as well as performing intake and reclassification duties. Following that, I served 9 ½ years as a member of the Central Review Board where the vast majority of classification determinations statewide relative to placements, programs, custodies, institutional assignments and security levels were made. I have served as the Director of Classification for 13 1/2 years. I have attended specialized training with the National Institute of Corrections. I hold Masters' degrees in both Criminal Justice and Counseling. I hold a specialized instructor's certificate (#647) issued by the Peace Officers' Standards and Training Commission. I have given presentations around this state to Circuit Judges, District Attorneys, and attorneys for CLE credit. I am qualified to testify to the following with respect to the issues raised in this pleading.

The following responses are provided in response to a request for interrogatories

1.     I am the Director of Classification. As such I am responsible for the classification process within the Alabama Department of Corrections. I directly supervise the Central Classification function which consists of an Assistant Director of Classification, the Central Review Boar and attendant clerical staff. The Classification Manual is the

Page 2 Bush, Michael R. #149363S

directing document for the classification process throughout the ADOC.   I indirectly supervise classification personnel in the filed through review of both quantity and quality of paperwork submitted for review. I also perform other duties as directed by the ADOC Commissioner, Deputy Commissioner Lovelace, or their designee.

2. Commissioner Richard Allen. Deputy Commissioner Greg Lovelace.

3. Classification Manual plus all Administrative regulations in the 400 series which pertain to segregation, protective custody, and other matters which impact the status and/or assignment and/or management of a criminal offender.

4. See response to #3.

5. Pre-sentence investigations, police reports, transcripts of commitment, telephone calls and/or written correspondence and/or faxed information and/or personal contact with other criminal justice agencies to include district attorneys, Parole Board, local law enforcement, out of state Corrections, out of state probation or parole offices, law enforcement agencies in and out of Alabama, Federal correctional of criminal justice sources to include the FBI report to name a few.

6. See response #5

7. Most written documentation comes directly from the providing agency to the Central Records Division of the ADOC for inclusion in the file or database. Information received from official sources is not redundantly validated.

8. The Classification Manual permits appeals in a denial of level II (minimum-out) or level I (work release) placement. In order to exercise the right of appeal, the inmate must first have been eligible, then recommended, and subsequently denied by the Central Review Board. No inmate enjoys any right or entitlement of consideration, let alone

Page 3 Bush, Michael R. #149363S

participation, in any program or custody or assignment offered by the ADOC.


9. Classification Manual, Code of Alabama.


10. The ADOC (Information Systems) notifies the Department of Public Safety 60 days from a known EOS (end of sentence) date or as soon thereafter as feasible once parole has been granted. The Department of Public Safety reviews the information provided and determines what, if any requirements, an offender must comply with upon release. It is a check and balance system.


11. See response to #10


12. The "S" suffix is a tracking device that insures that the offender is not inadvertently considered for a less restrictive custody or placement which might provide unsupervised access to the public. It is also the means by which inmates are identified to the Department of Public Safely as they near the end of their term of confinement.


13. I have responded with an appropriate affidavit and exhibits.


14. Yes

Paul Whaley II


STATE OF ALABAMA:

COUNTY OF MONTGOMERY:

SWORN TO AND SUBSCRIBED before me this the 3rd day of October, 2006.

Notary Public